Registered Mail #ER204090885US — Date: June 4, 2025

Kevin: Realworldfare, *sui juris, in propria persona*
C/o 30650 Rancho California Road # 406-251
Temecula, California [92591]
***non-domestic without* the** U̲nited S̲tates
Email: team@walkernovagroup.com

*Plaintiff, Real Party In Interest, Secured Party,*
*Injured Party*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Kevin: Realworldfare,

                    *Plaintiff,*

    *vs.*

**Douglas J. Kress, Martin Conroy,**
**SAILFISH POINT REALTY, LLC, Michael**
**J. McNicholas, Bruce Quinn, Susan Quinn,**
**Does 1-10**, inclusive,

                    *Defendants.*

Case No.    25-cv-14196-SMM

**VERIFIED** FOR EQUITABLE AND
CONSTITUTIONAL RELIEF AND
DEMAND FOR INJUNCTIVE AND
DECLARATORY REMEDY:

1.  VIOLATION OF CIVIL RIGHTS – 42 U.S.C. § 1983
2.  CONSPIRACY TO VIOLATE CIVIL RIGHTS – 42 U.S.C. § 1985(2) & (3)
3.  NEGLECT TO PREVENT CIVIL RIGHTS VIOLATION – 42 U.S.C. § 1986
4.  DEPRIVATION OF RIGHTS UNDER COLOR OF LAW – 18 U.S.C. § 242
5.  CONSPIRACY AGAINST RIGHTS – 18 U.S.C. § 241
6.  FRAUD AND MISREPRESENTATION (COMMON LAW AND EQUITY)
7.  OBSTRUCTION OF JUSTICE AND DUE PROCESS
8.  COMMERCIAL BREACH OF CONTRACT (UCC / FLA. STAT. § 672.206, § 673.6031)
9.  BREACH OF ACCORD AND SATISFACTION – FLA. STAT. § 673.3111
10. TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS
11. FRAUD ON THE COURT
12. VIOLATION OF RIGHT TO EQUITABLE REMEDY / CLEAN HANDS DOCTRINE
13. QUIET TITLE UNDER FEDERAL EQUITY JURISDICTION
14. SPECIFIC PERFORMANCE
15. DECLARATORY RELIEF – 28 U.S.C. § 2201
16. CIVIL RICO – 18 U.S.C. § 1962(C), (D)
17. VIOLATION OF FLORIDA CIVIL RICO – FLA. STAT. § 772.103

**COMES NOW**, Kevin: Realworldfare (hereinafter "Plaintiff," "Real Party In

Interest," and "Secured Party"), a living man, proceeding *sui juris, in propria*

*persona*, by **Special Limited Appearance** only, **not** generally, **not pro se** — reserving

Registered Mail #ER204090885US — Date: June 4, 2025

1  fully and unequivocally all inherent, unalienable, and secured rights, defenses,
2  remedies, immunities, and protections at law and in equity, both known and
3  unknown, now and forever, without waiver or diminution.
4  Plaintiff **invokes the equitable maxim** that *"Equity regards the beneficiary as the true*
5  *owner of the trust property,"* and seeks relief accordingly under this Court's **original**
6  **and plenary jurisdiction in equity,** as a matter of right—not of privilege—where
7  justice, fairness, and truth prevail over form.
8  Plaintiff **expressly reserves** all exemptions, secured positions, rights to discharge,
9  legal and equitable remedies, immunities, and defenses arising under the
10  **Constitution for the United States of America**, the **common law**, and the **Uniform**
11  **Commercial Code (UCC)**, and does not voluntarily enter into any adhesion
12  contract, nor accept or submit to any compelled benefits or liabilities under
13  corporate or statutory presumption.
14  Plaintiff further **invokes the maxim** that *"Equity will not suffer a wrong without a*
15  *remedy,"* and demands full and complete redress for all wrongs, protection of
16  perfected legal and equitable interests, and the enforcement of standing claims and
17  lawful title. **All presumptions of jurisdiction, adhesion, agency, or contractual**
18  **consent are hereby rebutted, denied, and conditionally declined**, absent verified
19  proof of authority, standing, and jurisdiction conferred by lawful contract, full
20  disclosure, and mutual agreement

21                                    **I. INTRODUCTION**

22  This action arises from a willful and orchestrated scheme by all Defendants—acting
23  in concert and under color of law—to obstruct equitable relief, subvert due process,
24  and unlawfully impair the Plaintiff's perfected, secured interest in private real
25  property. With full knowledge and commercial notice, Defendants engaged in acts
26  of procedural fraud, commercial dishonor, and evidentiary evasion, deliberately
27  ignoring verified affidavits, ***unrebutted*** presentments, and lawful tender of a
28  negotiable instrument. The presiding State court judge, rather than adjudicating the

Registered Mail #ER204090885US — Date: June 4, 2025

1  matter under principles of equity and law, operated in a private, non-judicial
2  capacity to protect a fraudulent conveyance scheme, granting a defective and
3  unverified motion to dismiss without addressing subject matter jurisdiction,
4  indispensable parties, or the evidentiary record. These actions constitute a gross
5  abuse of office, deprivation of rights under color of law, and a calculated
6  suppression of truth and title in violation of commercial law, constitutional
7  safeguards, and fundamental fairness.

## II. JURISDICTION & VENUE

9  1. This Court has original jurisdiction over this action pursuant to:

10  • **28 U.S.C. § 1331** – Federal question jurisdiction, as this action arises under
11  the Constitution and laws of the United States;

12  • **28 U.S.C. § 1343(a)(1)-(4)** – To redress deprivations of civil rights under color
13  of state law;

14  • **42 U.S.C. § 1983** – For violations of clearly established constitutional and
15  federally protected rights;

16  • **42 U.S.C. § 1985** – For conspiracy to interfere with civil rights;

17  • **42 U.S.C. § 1986** – For neglect to prevent known violations;

18  • **18 U.S.C. § 241 and § 242** – Criminal conspiracy and deprivation of rights
19  under color of law (included as predicate facts for equitable relief and civil
20  enforcement);

21  • **28 U.S.C. § 2201** – Authorizing declaratory judgment to determine the rights
22  and legal relations at issue;

23  • **28 U.S.C. § 1367(a)** – Supplemental jurisdiction over all state,
24  commercial, and equity claims that arise from a common nucleus of
25  operative facts.

26  2. Additionally, this Court's jurisdiction is compelled under **Article III, Section 2**
27  **of the U.S. Constitution**, and established doctrines of **equity, clean hands,**
28  **commercial estoppel,** and **commercial honor,** activated through:

VERIFIED FOR EQUITABLE AND CONSTITUTIONAL RELIEF AND DEMAND FOR INJUNCTIVE AND DECLARATORY REMEDY

Registered Mail #ER204090885US — Date: June 4, 2025

- **Unrebutted affidavits**, which stand as final facts and judgment in commerce,
- **Lawful tender under UCC § 3-603**, which extinguishes obligation,
- **Reservation of rights under UCC § 1-308**, preserving Plaintiff's common law rights and equitable remedies,
- **Clearfield Doctrine** (*Clearfield Trust Co. v. United States*, 318 U.S. 363 (1943)), which removes immunity from public officials and judges acting in commerce and strips them of sovereign capacity when engaging in private transactions.

3. **Venue is proper** in this Court under **28 U.S.C. § 1391(b)(1)-(2)**, as all events, injuries, and the real property at issue are located in **Martin County, Florida,** which lies within the **Fort Pierce Division of the Southern District of Florida**

### III. PARTIES

**Plaintiff:**

4. **Plaintiff Kevin: Realworldare**, proceeding *sui juris, in propria persona,* by *Special Limited Appearance* **only, not** pro se, as a living man asserting secured interest in the property located at **3016 SE Dune Drive, Stuart, Florida**. Plaintiff is **not** a U.S. citizen, **not** a resident or corporate fiction, and reserves all rights **nunc pro tunc**. Plaintiff has no contract with the State or its agents and appears only to protect secured rights, remedy, and property from trespass under color of law.

5. Plaintiff is a **state Citizen** and **non-citizen national/national** as defined at **8 U.S.C. § 1101(a)(21)–(22)(B), domiciled upon the land** within the **California Republic,** a free and independent state of the Union, operating under its original **de jure constitutional authority of 1789.**

6. Plaintiff is **non-corporate, non-domestic,** and **not engaged in any privileged activity regulated by the State** or any federal corporate franchise. He brings this action with **full reservation of all rights**, expressly invoking the protections of UCC

VERIFIED FOR EQUITABLE AND CONSTITUTIONAL RELIEF AND DEMAND FOR INJUNCTIVE AND DECLARATORY REMEDY

Registered Mail #ER204090885US — Date: June 4, 2025

1    § 1-308, the **Constitution for the united states of America**, and applicable **state and**
2    **common law**. **No rights are waived. All rights are reserved.**

3       7.Plaintiff brings this action **exclusively in his proper capacity**, proceeding *sui*
4    *juris, in propria persona*, invoking secured **legal, equitable, and commercial rights**,
5    with full standing to assert and protect his **vested interest in the real property**
6    located at:

7          **3016 SE Dune Drive, Stuart, Florida**

8       8.Plaintiff has **perfected his secured interest** through proper and lawful
9    commercial filing of **Uniform Commercial Code (UCC)** financing statements and
10    amendments, as follows:

11       •  **UCC-1 Financing Statement** File #202500855099, filed on **April 6, 2025**
12       •  **UCC-1 Financing Statement** File #2025464820-9 , filed on **April 6, 2025**

13       9.All commercial filings were lawfully *perfected* through the **Florida** and
14    **Nevada Secretary of State**, securing Plaintiff's **priority claim and superior interest**
15    in the subject real property, including all associated **negotiable instruments**,
16    **equitable rights**, and **beneficial ownership**.

17       10.Plaintiff is the **real party in interest**, holding **exclusive, superior, and**
18    **vested title** — perfected by **public record, commercial law**, and **equity** — with
19    full legal standing under **Florida statutory law**, the **Uniform Commercial**
20    **Code** as adopted in Florida, and the **preserved principles of common law**
21    **and equity** pursuant to **UCC § 1-103** and **Florida Statutes §§ 671.101–679.709**.
22    This verified claim is brought in full harmony with **constitutional due**
23    **process, commercial reasonableness**, and **binding fiduciary and legal**
24    **maxims** governing secured transactions and title rights within the State of
25    Florida

26    **Defendants:**

27       11.**Defendant Martin Conroy** is a private man engaged in regulated commercial
28    activity as a Florida-licensed real estate broker and agent of Sailfish Point Realty,

Registered Mail #ER204090885US — Date: June 4, 2025

1  LLC. On or about March 28, 2025, Defendant Conroy received from Plaintiff a duly
2  executed, unconditional commercial tender in the amount of **Forty-Five Million**
3  **Dollars ($45,000,000.00)**, supported by affidavit, lawful notice, and offer of full
4  performance. Defendant Conroy never rejected, returned, nor lawfully rebutted the
5  instrument. Instead, he **retained it**, removed the subject property from public
6  market listing, and remained silent — acts which collectively constitute **commercial**
7  **acceptance, equitable estoppel, and dishonor under UCC § 3-603 and Fla. Stat. §**
8  **673.6031**.

9      12.Further, Conroy acted **knowingly, maliciously, and with fraudulent intent**,
10  conspiring with other Defendants to suppress Plaintiff's perfected interest, obstruct
11  equitable remedy, and unlawfully withhold both deed and title. His refusal to
12  engage, respond, or rebut constitutes **willful dishonor, bad faith in commerce, and**
13  **fraudulent concealment**, rendering him personally liable for conversion, breach,
14  commercial fraud, and participation in a racketeering enterprise under **Florida**
15  **Civil RICO statutes**. His acts were not innocent errors but **calculated violations of**
16  **commercial, contractual, and equitable law**, resulting in damages exceeding
17  $45,000,000.00 and exposing him to treble liability and injunctive relief.

18      13.**Defendant SAILFISH POINT REALTY, LLC** is a private Florida entity that
19  benefited from the fraudulent scheme to avoid lawful tender and unlawfully
20  dispossess Plaintiff of lawful interest. It stands liable for its agent's acts under
21  respondeat superior.

22      14.**Defendant Douglas J. Kress** is a BAR-licensed commercial actor who
23  knowingly engaged in **fraudulent litigation practices**, including the filing of a
24  **facially void and procedurally defective motion to dismiss**, which lacked
25  **affidavit, verification, rebuttal, jurisdictional foundation**, or any lawful standing
26  under court rules or commercial law. Kress acted with **deliberate malice, gross**
27  **procedural abuse**, and **intent to obstruct adjudication**, violating his oath, duty of
28  candor, and the ethical obligations binding all officers of the court.

Registered Mail #ER204090885US — Date: June 4, 2025

15. Kress **knowingly misrepresented material facts**, ignored binding unrebutted affidavits, and sought to confuse the court into unlawful dismissal, all while operating in **bad faith** and **in concert with Judge Michael J. McNicholas**. His conduct constituted a **willful act of commercial dishonor**, **civil conspiracy**, and **subversion of equity**. Kress made no lawful disclosure, no verified factual submission, and no attempt to cure defects despite multiple notices of default, demand, and opportunity to rebut.

16. By intentionally proceeding under **color of law**, while promoting a fraudulent commercial scheme to dispossess the Plaintiff of secured property, **Kress stands personally and commercially liable**. His actions fall squarely within the meaning of **18 U.S.C. §§ 241, 1341, and 1343**, and give rise to civil liability under **42 U.S.C. §§ 1983, 1985, and 1986**, for conspiracy, fraud, and knowing participation in the deprivation of rights.

17. Kress is not shielded by litigation privilege when his conduct involves **willful deception, unlawful filings, procedural sabotage**, and **collusion with a judicial officer acting ultra vires**. He is a **co-conspirator**, **principal wrongdoer**, and **commercially liable party**, whose involvement directly contributed to the unlawful harm suffered by Plaintiff

18. **Defendant Michael J. McNicholas**, a man, is sued in both his **official capacity as a purported judicial officer** and his **private capacity as an individual acting outside lawful authority**. He is **not immune**. At no time relevant did he act as a neutral arbiter of law. Instead, McNicholas *knowingly **and** willfully* **abandoned the judicial function**, operated in **commercial dishonor**, and acted **ultra vires**, in direct defiance of established law, equity, and due process.

19. McNicholas received **verified affidavits, lawful tenders, and perfected filings**, yet intentionally **ignored all *unrebutted* evidence, sustained a procedurally defective and unverified motion to dismiss**, and **aided private actors engaged in fraud**, thereby **collapsing the court's integrity** and placing himself **in personal**

1  **liability.** These acts were done **with malice, gross negligence, and knowing intent**
2  **to cause injury**, constituting **commercial injury, deprivation of rights under color**
3  **of law, and conspiracy to defraud.**

4  20.Under the **Clearfield Doctrine** (*Clearfield Trust Co. v. United States*, 318 U.S.
5  363 (1943)), once a public servant engages in private, non-sovereign commercial
6  activity, he ceases to act on behalf of the State and becomes a **mere private actor,**
7  **stripped of all immunities**. As such, **Michael J. McNicholas stands liable as a**
8  **man**, not as a fictitious legal entity, and bears **personal and unlimited commercial**
9  **liability** for every act of fraud, dishonor, and obstruction committed under the
10  pretense of law.

11  21.McNicholas' conduct was not a mistake. It was a deliberate **weaponization of**
12  **office**, executed in concert with co-defendant attorney Douglas J. Kress**, to shield**
13  **fraud, suppress evidence, and sabotage adjudication,** all in service of a private real
14  estate scheme. His actions are not protected by judicial privilege—they are
15  actionable offenses warranting **civil liability, punitive damages, and potential**
16  **criminal referral**

17  22.**Defendant Bruce Quinn** is a private individual who claims ownership of the
18  subject property. Despite receiving commercial notice, affidavits, and evidentiary
19  filings, Bruce Quinn failed to rebut any of the Plaintiff's verified filings under oath
20  or penalty of perjury. He is in **commercial default**, and by his silence and inaction,
21  stands **bound by the dishonor, acts, and agency of Martin Conroy**, who acted as
22  his broker and representative in the underlying transaction.

23  23.**Defendant Susan Quinn** is a private individual who also claims ownership of the
24  subject property and similarly received lawful presentment, notices, and affidavits from
25  the Plaintiff. Susan Quinn failed to respond or rebut any sworn filings, thereby entering
26  **default by acquiescence**. She is likewise **commercially liable** and stands **vicariously**
27  **and directly bound** by the conduct, dishonor, and commercial actions of Martin Conroy,
28  who operated as her agent during the subject transaction and ensuing dispute.

Registered Mail #ER204090885US — Date: June 4, 2025

24. **Does 1–10** are agents, actors, or entities currently unknown who aided or profited from the scheme and will be named as discovery proceeds.

# IV. STATEMENT OF FACTS – VERIFIED CHRONOLOGY OF FRAUD, DISHONOR, AND PROCEDURAL ABUSE

25.**Tender of Lawful Instrument (March 28, 2025)**

On or about March 28, 2025, Plaintiff Kevin: Realworldfare tendered a private, unconditional commercial offer and negotiable instrument electronically to Defendants Martin Conroy and Susan Turner for the full listed purchase price of Forty-Five Million Dollars ($45,000,000.00 USD) for the subject property located at 3016 SE Dune Drive, Stuart, Florida. This unconditional instrument constituted lawful tender and full satisfaction of the obligation, meeting all statutory criteria of a negotiable instrument under Fla. Stat. §§ 673.1041 and 673.3031, and operated as a binding discharge under Fla. Stat. § 673.3111.

26. **Instrument Not Rejected or Returned:** The instrument was received and not returned, dishonored, or rebutted. Under Fla. Stat. § 673.6031, the obligation is deemed discharged. Supporting email communications on March 28 and March 29, 2025, confirm Defendants' acknowledgment and movement toward performance. No counteroffer or rejection was ever issued.

27.**Property Removed from Market:** In reliance on the offer, Defendants removed the property from the market on or about April 1, 2025. Internal and public MLS listings reflect inactive/delisted status, further evidencing acceptance by conduct under Fla. Stat. §§ 672.204 and 672.206.

28.**Supporting Evidence of Acceptance:** Email responses from Martin Conroy on March 28 (11:21 AM, 11:37 AM) and March 29 (11:28 AM) indicated engagement and intent to perform. These communications, combined with market delisting, reflect clear commercial and equitable acceptance. See Exhibits G, H, I, J, K.

29. **Delivery of Commercial Affidavits and Notices (April 5–8, 2025):** Plaintiff delivered via Registered/Express Mail the following instruments:

VERIFIED FOR EQUITABLE AND CONSTITUTIONAL RELIEF AND DEMAND FOR INJUNCTIVE AND DECLARATORY REMEDY

Registered Mail #ER204090885US — Date: June 4, 2025

1    • Affidavit of Completed Sale and Demand for Deed (Exhibit A)

2    • Affidavit of Perfected Security Interest (Exhibit B)

3    • Affidavit of Lis Pendens (Exhibit C)

4    • Final Demand for Conveyance (Exhibit D)

5       All remain unrebutted, and thus stand as binding, self-executing

6       commercial contracts.

7    30. **UCC-1 Filings and Security Interest Perfection:** Plaintiff filed UCC-1

8    Financing Statements in Nevada and Florida (Instruments No. 2025464820-9 and

9    202500855099), perfecting security interest. See Exhibits E and F. These filings were

10   lawfully recorded, providing constructive notice and establishing Plaintiff's secured

11   status pursuant to Fla. Stat. § 679.5091.

12   31.**Ongoing Silence and Commercial Default:** Despite receiving multiple

13   notices and instruments, Defendants refused to respond or cure. Defendant Martin

14   Conroy verbally stated "I am ignoring you" on April 9, 2025, at 11:43 AM. This

15   statement, corroborated by affidavit (Exhibit L), evidences commercial dishonor,

16   bad faith, and deliberate obstruction.

17   32.**Filing of Verified Complaint in Florida Circuit Court (April 9, 2025):**

18   Plaintiff filed a Verified Complaint for Quiet Title and Equitable Relief. Verified

19   Complaint and Civil Cover Sheet filed on April 9, 2025, with full payment receipts

20   and Notice of Lis Pendens recorded.

21   33.**Amended Verified Complaint and Summary Judgment Filings (April 19,**

22   **2025):** Plaintiff filed an Amended Verified Complaint to Quiet Title and for

23   Equitable Relief, Demand for Summary Judgment in Equity, and a Proposed Final

24   Judgment.

25   34.**Motion to Dismiss Filed by Defendants (April 29, 2025)**

26   Attorney Douglas J. Kress filed a Motion to Dismiss Amended Verified

27   Complaint, without affidavit, rebuttal, or jurisdictional standing. Plaintiff

28   responded with:

VERIFIED FOR EQUITABLE AND CONSTITUTIONAL RELIEF AND DEMAND FOR INJUNCTIVE AND DECLARATORY REMEDY

Registered Mail #ER204090885US — Date: June 4, 2025

- Verified Response to Motion to Dismiss, Conditional Acceptance, and Demand to Deny Dismissal (April 29, 2025)
- Verified Motion and Demand to Strike (May 1, 2025)

35. **Escalation and Evidentiary Submissions (May 2025):** Plaintiff continued filings included:

- Verified Response in Support of Motion to Strike (May 20, 2025)
- Verified Motion and Demand for Final Summary Judgment (May 20, 2025)
- Verified Final Notice and Demand for Judicial Determination (May 28, 2025)
- Verified Judicial Notice of Record Facts (May 28, 2025)
- Verified Rebuttal and Memorandum of Law (May 30, 2025)
- Verified Notice of Filing Evidentiary Materials (May 31, 2025)
- Verified Affidavit and Conditional Acceptance for Value of Defendants' Response (May 31, 2025)
- Verified Affidavit by Plaintiff (May 31, 2025)
- Verified Judicial Notice of Non-Consent to Informal Status Conference (June 2, 2025)

36. **Judicial Misconduct and Unlawful Dismissal (June 3, 2025):** Judge Michael J. McNicholas signed the ORDER GRANTING DEFENDANTS' MOTION TO DISMISS on June 3, 2025. This dismissal occurred despite multiple unrebutted affidavits, evidence filings, judicial notices, and procedural defects in the motion to dismiss. No evidentiary hearing occurred. This constitutes ultra vires action, willful suppression of verified fact, and commercial collusion with private actors.

37. **Notice to Bruce and Susan Quinn; Commercial Default:** Defendants Bruce Quinn and Susan Quinn were served with affidavits and commercial notices. They failed to respond or rebut, thereby entering commercial default and estoppel. They are bound by Martin Conroy's agency and conduct.

38. **Resulting Injury and Claim for Federal Remedy:** Plaintiff has suffered commercial injury, deprivation of rights under color of law, and obstruction of

Registered Mail #ER204090885US — Date: June 4, 2025

1 equitable remedy. Judicial misconduct, attorney fraud, and continued commercial
2 dishonor have created an actionable federal case warranting declaratory relief,
3 damages, and equitable enforcement.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### (Violation of Civil Rights – 42 U.S.C. § 1983)

### (Against Defendants Michael J. McNicholas, Douglas J. Kress, Martin Conroy, Bruce Quinn, Susan Quinn, and Sailfish Point Realty, LLC, jointly and severally)

9 39.Plaintiff re-alleges and incorporates by reference all preceding paragraphs as
10 though fully set forth herein.

11 40.This cause of action is brought pursuant to 42 U.S.C. § 1983, which provides a
12 **private right of action** against any person who, under color of state law, deprives
13 another of rights, privileges, or immunities secured by the Constitution and laws of
14 the United States.

15 41.Defendants, acting individually and in concert, under color of law and/or
16 through joint private action with state actors, deprived Plaintiff of clearly
17 established constitutional rights including, but not limited to:

18 a. The right to due process of law under the Fifth and Fourteenth Amendments;

19 b. The right to access the courts and seek equitable relief;

20 c. The right to retain secured interest in private property without unlawful
21 deprivation;

22 d. The right to contract and enforce commercial obligations under law.

23 42.Defendant Michael J. McNicholas, acting in both his official and personal
24 capacity, knowingly:

25 a. Ignored unrebutted affidavits and verified commercial filings;

26 b. Granted a procedurally and jurisdictionally defective motion to dismiss, with
27 full knowledge of its defects;

28 c. Aided and abetted private parties to unlawfully dispossess Plaintiff of

Registered Mail #ER204090885US — Date: June 4, 2025

lawfully vested interests in the subject property;

d. Suppressed the commercial and equitable record with intent to obstruct

43.Plaintiff's access to remedy.

44.Defendant Douglas J. Kress, a BAR-licensed attorney and officer of the court, knowingly:

a. Filed a facially defective and unverified motion to dismiss;

b. Misrepresented material facts and procedural posture to the court;

c. Acted in collusion with the presiding judge to subvert due process;

d. Engaged in obstruction of equity and justice under color of law.

45.Defendants Martin Conroy, Sailfish Point Realty, LLC, Bruce Quinn, and Susan Quinn:

a. Participated in and benefited from the conspiracy to deprive Plaintiff of due process and lawful tender;

b. Received and failed to rebut Plaintiff's verified notices, affidavits, and offers;

c. Knowingly relied upon unlawful judicial interference to dispossess Plaintiff of his secured interest;

d. Acted in concert with state actors, creating joint liability under 42 U.S.C. § 1983.

46.These acts were committed willfully, maliciously, and with full knowledge of Plaintiff's rights and the legal sufficiency of Plaintiff's claims.

47.As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered:

a. Denial of lawful remedy and equitable relief;

b. Unlawful deprivation of property rights;

c. Emotional and economic harm;

d. Violation of civil and constitutional protections.

48.Plaintiff seeks:

a. Compensatory damages in an amount to be proven at trial;

Registered Mail #ER204090885US — Date: June 4, 2025

b. Treble damages for willful violation of civil rights;

c. Declaratory relief recognizing the void and unlawful nature of the dismissal;

d. Equitable relief, including restoration of rights and title;

e. Prejudgment and postjudgment interest;

f. Costs of suit;

g. Any other relief the Court deems just and proper.

## SECOND CAUSE OF ACTION

### Conspiracy to Violate Civil Rights – 42 U.S.C. § 1985(3)

**(Against Defendants Michael J. McNicholas, Douglas J. Kress, Martin Conroy, Bruce Quinn, Susan Quinn, and Sailfish Point Realty, LLC, jointly and severally)**

49. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

50. This cause of action arises under 42 U.S.C. § 1985(3), which prohibits two or more persons from conspiring to deprive any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws.

51. Defendants knowingly entered into a conspiracy to obstruct Plaintiff's civil rights, including his right to due process, to access the courts, to enforce secured interests, and to obtain lawful and equitable remedy through the judicial system.

52. Defendant Michael J. McNicholas, acting under color of law but in a private capacity as defined under the **Clearfield Doctrine**, willfully participated in this conspiracy by:

a. Ignoring Plaintiff's unrebutted affidavits and verified filings;

b. Illegally granting a facially defective motion to dismiss without affidavit, factual hearing, or jurisdictional basis;

c. Knowingly suppressing evidence and obstructing Plaintiff's equitable claims and secured interest.

Registered Mail #ER204090885US — Date: June 4, 2025

53. Defendant Douglas J. Kress, a BAR-licensed attorney and officer of the court, participated in the conspiracy by:

a. Filing a knowingly unverified, fraudulent, and procedurally defective motion to dismiss;

b. Acting in bad faith to assist Defendants Conroy and Quinns in evading lawful process;

c. Operating in concert with Judge McNicholas to obtain a fraudulent dismissal and deny Plaintiff access to justice.

54. Defendant Martin Conroy, as real estate broker and commercial agent, knowingly:

a. Withheld acknowledgment of the $45,000,000 tendered instrument;

b. Refused to rebut affidavits, notices, or conditional acceptances;

c. Participated in concealment and removal of the property from the market to obscure contractual performance;

d. Coordinated with Kress and McNicholas to achieve the fraudulent dismissal and shield liability.

55. Defendants Bruce Quinn and Susan Quinn:

a. Were fully noticed and served with affidavits, commercial claims, and evidentiary filings;

b. Failed to rebut or intervene, knowing that the process being used would unlawfully divest Plaintiff of secured interest;

c. Actively benefited from the conspiracy by remaining silent while Martin Conroy and Douglas Kress engineered a fraudulent litigation outcome with the cooperation of Judge McNicholas.

56. Defendant Sailfish Point Realty, LLC, through its agents and principals, is vicariously liable for the unlawful acts of its employee, Martin Conroy, and for knowingly participating in or ratifying the conspiracy by silence, retention of the instrument, and concealment of performance.

Registered Mail #ER204090885US — Date: June 4, 2025

57.This concerted conduct was done knowingly, willfully, and with specific intent to deprive Plaintiff of rights secured under the Constitution, including:

a. The right to be heard before being deprived of a property interest;

b. The right to equal protection under the law;

c. The right to enforce lawful contracts;

d. The right to petition and obtain lawful relief in a court of law without private interference by coordinated fraud.

58.The actions taken by the Defendants were not accidental or negligent—they were willful, malicious, and calculated to obstruct Plaintiff's claims and destroy the lawful record of equity.

59.As a direct and proximate result of the conspiracy among these parties, Plaintiff suffered:

a. Unlawful dispossession and attempted conversion of secured property interest;

b. Emotional and financial harm;

c. Denial of fundamental fairness and commercial remedy;

d. Obstruction of the lawful discharge of debt and equity enforcement.

Plaintiff seeks:

a. Compensatory damages in an amount to be determined at trial;

b. **Treble damages** as authorized under 42 U.S.C. § 1985;

c. Declaratory and equitable relief voiding the fraudulent dismissal and confirming Plaintiff's rights;

d. Injunctive relief to prevent further deprivation and obstruction;

e. Attorneys' fees, if applicable, and costs of suit;

f. Any other relief the Court deems just and proper.

//

//

//

VERIFIED FOR EQUITABLE AND CONSTITUTIONAL RELIEF AND DEMAND FOR INJUNCTIVE AND DECLARATORY REMEDY

Registered Mail #ER204090885US — Date: June 4, 2025

### THIRD CAUSE OF ACTION

#### Neglect to Prevent Civil Rights Violations – 42 U.S.C. § 1986

#### (Against Defendants Michael J. McNicholas, Douglas J. Kress, Martin Conroy, Bruce Quinn, Susan Quinn, and Sailfish Point Realty, LLC, jointly and severally)

60. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

61. **42 U.S.C. § 1986** creates a **private right of action** against any person who has knowledge that a conspiracy is about to be committed (under § 1985) and who, having power to prevent or aid in preventing the commission of the conspiracy, neglects or refuses to act.

62. **Each of the Defendants** named in this action had actual and constructive knowledge of the conspiracy described in the Second Cause of Action, including violations of Plaintiff's due process rights, obstruction of equitable remedy, and commercial dishonor.

63. **Defendant Michael J. McNicholas**, acting in purported judicial capacity but operating privately, had complete authority and legal duty to halt the unlawful conduct of Defendants Kress and Conroy once presented with:

a. Verified affidavits;

b. Commercial defaults;

c. Procedural defects in the motion to dismiss;

d. Unrebutted and judicially noticeable evidence.

64. Instead, he refused to act or intervene and knowingly facilitated further harm.

65. **Defendant Douglas J. Kress** was an active participant in the conspiracy but also had direct legal and ethical obligations as an officer of the court to prevent fraud upon the court and protect the due process rights of opposing parties. He willfully failed to do so and instead concealed key facts from the court and misrepresented procedural compliance.

Page 17 of 68

66. **Defendant Martin Conroy,** as broker and primary commercial negotiator, received multiple notices and offers, affidavits, and formal instruments indicating contractual and equitable obligations. He did nothing to correct the record, return the instrument, or clarify status of the transaction. His silence and refusal to respond allowed the conspiracy to mature into a full deprivation.

67. **Defendants Bruce and Susan Quinn** were both served with commercial notices and affidavits and stood in default. Each had a personal and legal obligation to investigate and respond to the serious claims made and failed to act—despite having full knowledge of the conflict and the fraudulent dismissal effort by their agent Martin Conroy and his attorney.

68. **Defendant Sailfish Point Realty,** LLC, through its managing agents, was made aware of the commercial presentment, contract formation, and verified public filings, but chose not to intervene or disclose any rebuttal. It had the capacity to prevent the fraud and chose instead to allow the scheme to proceed to the court.

69. None of these Defendants took any step to prevent the conspiracy to violate Plaintiff's rights, despite having ample time, opportunity, and authority to do so.

70. **The omissions by each Defendant** directly enabled the deprivation of Plaintiff's civil rights, caused judicial fraud, and led to attempted unlawful conversion of secured real property and lawful tender.

71. **Each Defendant** acted willfully, maliciously, or with deliberate indifference to Plaintiff's rights, and is therefore liable for all resulting harm under 42 U.S.C. § 1986.

72. As a direct and proximate result of the Defendants' neglect to prevent civil rights violations, Plaintiff suffered:

a. Deprivation of property without due process;

b. Obstruction of lawful contract enforcement;

c. Emotional distress and commercial harm;

d. Erosion of judicial integrity and denial of equal protection.

Registered Mail #ER204090885US — Date: June 4, 2025

73.Plaintiff seeks:

a. **Compensatory damages** for all harms suffered;

b. **Treble damages** as provided under the statute;

c. Declaratory and injunctive relief;

d. Costs of suit and all other relief deemed just and proper.

## FOURTH CAUSE OF ACTION

### Deprivation of Rights Under Color of Law – 18 U.S.C. § 242

**(Against Defendants Michael J. McNicholas, Douglas J. Kress, Martin Conroy, Bruce Quinn, Susan Quinn, and Sailfish Point Realty, LLC, jointly and severally)**

74.Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully stated herein.

75.Under 18 U.S.C. § 242, it is unlawful for any person acting under color of any law, statute, regulation, or authority to willfully deprive or conspire to deprive another of any rights, privileges, or immunities secured by the Constitution or laws of the United States.

76.Each named Defendant, individually and in conspiracy, acted under the pretense of lawful authority while engaging in deliberate commercial fraud, denial of due process, and obstruction of equity, which directly violated Plaintiff's civil and constitutional rights.

77.Defendant **Michael J. McNicholas**, a Florida state court judge, acted under color of state law and judicial authority when he:

a. Ignored Plaintiff's unrebutted, verified affidavits;

b. Granted a defective motion to dismiss without evidentiary hearing;

c. Refused to rule on pending notices of judicial notice, dishonor, and default;

d. Acted in favor of a private party with no standing, thereby denying Plaintiff equal protection and due process under the Fourteenth Amendment.

78.Defendant **Douglas J. Kress**, acting as an attorney, knowingly filed and advocated a procedurally void and facially defective motion to dismiss without

Registered Mail #ER204090885US — Date: June 4, 2025

1  jurisdictional basis, affidavit, or rebuttal — knowingly exploiting judicial bias under
2  color of law.

3      79.Defendant **Martin Conroy**, although a private actor, acted under the color of
4  law when his agency relationship with Sailfish Point Realty, LLC was used to
5  invoke and exploit judicial resources in bad faith to avoid commercial and
6  contractual obligations already in place.

7      80.Defendants **Bruce Quinn and Susan Quinn**, as purported owners, had
8  constructive and actual notice of all public filings and unrebutted affidavits but
9  relied on state judicial mechanisms under false pretenses to attempt to suppress
10  Plaintiff's claims and perfect a fraudulent transfer.

11      81.Defendant **Sailfish Point Realty, LLC**, as a licensed Florida real estate broker,
12  acted under a statutory and regulatory license issued by the State of Florida and
13  misused its public agency status to misrepresent facts to the court and obstruct
14  lawful tender and performance.

15      82.At all times, Defendants used their positions, public privileges, or commercial
16  licenses under color of law to interfere with:

17      83.a. Plaintiff's right to property and due process (Fifth and Fourteenth
18  Amendments);

19      b. Plaintiff's right to petition and access courts (First Amendment);

20      c. Plaintiff's right to equal protection under the law;

21      d. Plaintiff's right to enforce commercial tender, equity, and private contract
22  (Article I, Section 10).

23      84.The acts committed were not judicial in nature, but administrative and
24  commercial, conducted without immunity and outside any lawful authority. This
25  invokes **Clearfield Doctrine**, rendering the Defendants personally liable as private
26  actors engaging in private business cloaked with state power.

27  //
28  //

VERIFIED FOR EQUITABLE AND CONSTITUTIONAL RELIEF AND DEMAND FOR INJUNCTIVE AND DECLARATORY REMEDY

Registered Mail #ER204090885US — Date: June 4, 2025

85. Plaintiff has standing to bring this cause of action under 42 U.S.C. § 1983 for civil rights violations arising from conduct prohibited by 18 U.S.C. § 242, and as part of a broader RICO and conspiracy framework arising under federal jurisdiction.

86. The unlawful conduct of Defendants directly resulted in:

a. The attempted conversion of Plaintiff's lawful tender;

b. Denial of judicial redress through procedural sabotage;

c. Fraud on the court and administrative obstruction;

d. Damage to Plaintiff's property, reputation, and peace.

87. Defendants acted with actual malice, knowledge, and willful intent to deprive Plaintiff of rights secured by federal law.

88. Plaintiff is entitled to:

a. **Compensatory damages** for all tangible and intangible harm;

b. **Treble damages** pursuant to civil rights and RICO standards;

c. **Declaratory relief** confirming the violations and rights infringed;

d. **Punitive damages** for egregious, willful, and malicious conduct;

e. All **costs, fees, and equitable remedies** deemed just and proper.

### FIFTH CAUSE OF ACTION

### Conspiracy Against Rights – 18 U.S.C. § 241

**(Against Defendants Michael J. McNicholas, Douglas J. Kress, Martin Conroy, Bruce Quinn, Susan Quinn, and Sailfish Point Realty, LLC, jointly and severally)**

89. Plaintiff re-alleges and incorporates all preceding paragraphs, exhibits, affidavits, and unrebutted facts as if fully set forth herein.

90. Under **18 U.S.C. § 241**, it is unlawful for two or more persons to conspire to injure, oppress, threaten, or intimidate any person in the free exercise or enjoyment of any right or privilege secured to them by the Constitution or U.S. law.

91. Each Defendant participated—either overtly or tacitly—in a coordinated scheme to deprive Plaintiff of the full exercise of his constitutional rights, secured

Registered Mail #ER204090885US — Date: June 4, 2025

1   interests, and lawful remedies through commercial dishonor, procedural fraud, and
2   judicial collusion.

3      92. Defendant **Michael J. McNicholas**, acting under color of law but outside the
4   bounds of judicial immunity, conspired with private parties by:

5      a. Granting a motion to dismiss that lacked verification, standing, and
6      jurisdiction;

7      b. Ignoring judicial notices, unrebutted affidavits, and administrative defaults;

8      c. Knowingly aiding private actors to defeat equity and suppress lawful title;

9      d. Abandoning impartial adjudication and thereby assuming liability under
10     Clearfield Doctrine.

11     93. Defendant **Douglas J. Kress**, as an officer of the court and licensed attorney,
12  knowingly filed a procedurally defective motion to dismiss without affidavit or
13  jurisdiction, and communicated directly with Judge McNicholas to secure a
14  prejudicial and predetermined dismissal.

15     94. Defendant **Martin Conroy**, a licensed real estate agent acting under agency
16  authority of Sailfish Point Realty, LLC, conspired by:

17     a. Accepting a $45,000,000 lawful commercial instrument without rejection;

18     b. Failing to close escrow despite valid tender and removal of the property from
19     market;

20     c. Withholding rebuttal and concealing the transaction while manipulating the
21     court process.

22     95. Defendants **Bruce Quinn** and **Susan Quinn**, claiming to be owners of the
23  subject property, knowingly remained silent and in default despite receipt of
24  notices, affidavits, and presentments—relying instead on the fraud and agency of
25  Conroy, Kress, and the judge to unlawfully dispossess Plaintiff.

26     96. Defendant **Sailfish Point Realty, LLC**, acting as a licensed Florida real estate
27  broker, used its public-facing license and commercial authority to conceal a binding
28  transaction, obstruct lawful performance, and support the court's fraud on the record.

Registered Mail #ER204090885US — Date: June 4, 2025

97. All Defendants shared a common unlawful objective:

a. To deny Plaintiff the equitable relief due from lawful tender;

b. To obstruct the enforcement of perfected commercial claims;

c. To suppress unrebutted affidavits that vested Plaintiff with legal and equitable title;

d. To unjustly enrich themselves or avoid lawful obligation at Plaintiff's expense.

98. Numerous overt acts in furtherance of this conspiracy were committed, including:

a. Misuse of judicial process;

b. Filing false and defective pleadings;

c. Silence in the face of verified affidavits and formal notices;

d. Suppression of evidence, facts, and binding commercial defaults;

e. Direct coordination and procedural misconduct before the state court.

99. These acts were not protected judicial or advocacy functions, but private, commercial decisions made in bad faith and for improper purpose.

100. Plaintiff's rights under the **First, Fifth, and Fourteenth Amendments**, as well as commercial law and due process, were willfully suppressed by the Defendants' coordinated and unlawful acts.

101. Plaintiff has standing to bring civil claims arising from the conduct that constitutes a conspiracy under § 241, and to seek remedies under:

- **42 U.S.C. § 1983**, via the same factual pattern;
- **42 U.S.C. § 1985(3)**, for civil conspiracy;
- **18 U.S.C. § 1962(d)**, for conspiracy under RICO.

102. As a direct and proximate result of this conspiracy, Plaintiff suffered:

a. Commercial damages and lost property interest;

b. Constitutional deprivation and loss of remedy;

c. Mental anguish, time lost, and economic harm.

Registered Mail #ER204090885US — Date: June 4, 2025

1    Plaintiff demands:

2    a. **Compensatory damages** in an amount to be determined at trial;

3    b. **Treble damages** pursuant to civil conspiracy and RICO provisions;

4    c. **Punitive damages** against each Defendant to deter future misconduct;

5    d. **Permanent injunctive relief**, declaratory relief, and restoration of title;

6    e. **All court costs**, **legal fees**, **and equitable restitution** as allowed by law.

7    ### SIXTH CAUSE OF ACTION

8    ### Fraud and Misrepresentation (Common Law and Equitable Fraud)

9    ### (Against All Defendants Jointly and Severally)

10    103.Plaintiff realleges and incorporates by reference all preceding paragraphs,

11    exhibits, affidavits, and filings as though fully set forth herein.

12    104.This cause of action arises under the **common law of fraud** as recognized by

13    Florida and federal courts, and under the equitable maxim that "fraud vitiates

14    everything it touches." Florida law expressly recognizes a private right of action for

15    damages caused by fraud and misrepresentation.

16    105.Defendants knowingly engaged in a pattern of **false representations**,

17    **material omissions**, and **willful concealment** for the purpose of defeating

18    Plaintiff's rights, avoiding lawful obligations, and misappropriating secured

19    property without compensation, due process, or lawful process.

20    106.The elements of fraud are satisfied and pled with particularity as

21        follows:

22        **a. False Statement of Material Fact:**

23        •  Defendants represented that Plaintiff's commercial tender was invalid,

24           unenforceable, or irrelevant, despite full compliance with Fla. Stat. §§

25           673.1041, 673.3021, and 673.6031 (governing negotiable instruments

26           and discharge).

27        •  Defendant Judge **Michael J. McNicholas** made false judicial

28           declarations by dismissing Plaintiff's verified complaint as if it had no

Registered Mail #ER204090885US — Date: June 4, 2025

merit, despite never receiving any verified denial or evidentiary rebuttal.

- Defendant **Douglas Kress** misrepresented the procedural and substantive standing of his Motion to Dismiss, knowingly omitting that it lacked verification, affidavit, and legal jurisdiction.

- Defendant **Martin Conroy**, through written and verbal communication, led Plaintiff to believe that the $45 million tender was being honored in good faith, only to later abandon all communication.

- **Bruce and Susan Quinn**, by silence and failure to disclaim Martin Conroy's agency, falsely represented that they were not bound or involved, despite having received formal notice and failing to rebut.

- Defendant **Sailfish Point Realty, LLC** allowed its licensed agent to misrepresent property status, market position, and contractual acceptance, while never issuing rebuttal or withdrawal.

**b. Knowledge of Falsity (Scienter):**

- Each Defendant acted with actual knowledge of the falsehoods or with reckless disregard for their truth.

- The Judge had actual notice via multiple judicial notices, affidavits, unrebutted filings, and procedural defects clearly on the record.

- All Defendants had prior notice of Plaintiff's UCC filings, affidavits of tender, and unrebutted lawful claims.

**c. Intent to Deceive or Induce Reliance:**

- Defendants jointly and severally acted with intent to:
  - Undermine Plaintiff's equitable title;
  - Deny lawful remedy;
  - Force Plaintiff into continued litigation;
  - Create procedural confusion to delay conveyance of title.

Page 25 of 68

Registered Mail #ER204090885US — Date: June 4, 2025

- Defendants manipulated the court's authority to create an illusion of impartiality while facilitating a private commercial fraud.

**d. Plaintiff's Justifiable Reliance:**

- Plaintiff reasonably relied on the representations made by Martin Conroy, particularly emails, calls, and conduct which indicated acceptance of the commercial tender.
- Plaintiff reasonably relied on court proceedings to honor verified affidavits and unrebutted evidence, only to be denied due process.
- Plaintiff relied on Kress's filings to be honest representations of law and fact, only to discover that material elements were omitted and falsified.

**e. Resulting Injury:**

- Plaintiff has suffered measurable injury, including:
  - Loss of secured property interest;
  - Frustration of contractual rights and commercial expectations;
  - Judicial obstruction and denial of remedy;
  - Time, money, and opportunity lost in administrative and court filings;
  - Severe emotional distress, professional reputational harm, and increased litigation burden.

107. These actions amount to **both legal fraud** and **constructive fraud** under Florida and federal law, and trigger equitable jurisdiction for rescission, restitution, injunctive relief, and compensatory remedies.

108. Plaintiff asserts a **private right of action** under:

- Florida tort law (fraud and civil conspiracy to commit fraud);
- Equitable doctrines allowing judicial nullification of orders procured by fraud;

Registered Mail #ER204090885US — Date: June 4, 2025

- Related civil enforcement under **42 U.S.C. § 1983** for violations linked to fraudulent deprivation of constitutional and property rights;
- Civil RICO remedies based on predicate acts of fraud and misrepresentation under **18 U.S.C. § 1961 et seq.**.

109. Pursuant to applicable law, Plaintiff demands judgment against all Defendants as follows:

a. **Treble damages** for all financial and equitable injuries sustained;

b. **Compensatory damages** for economic loss and emotional harm;

c. **Punitive damages** to deter and punish deliberate fraud;

d. **Declaratory relief** establishing Plaintiff's vested and perfected interest;

e. **Permanent injunctive relief** barring further dispossession or fraud;

f. **Costs of litigation**, including court fees and reasonable attorney/fiduciary time.

### SEVENTH CAUSE OF ACTION

### Obstruction of Justice and Denial of Due Process

### (Against All Defendants Jointly and Severally)

110. Plaintiff realleges and incorporates by reference all prior paragraphs, verified pleadings, affidavits, notices, and exhibits as though fully set forth herein.

111. This cause of action arises from the Defendants' deliberate and coordinated acts of **obstructing judicial process**, **interfering with lawful remedy**, and **denying Plaintiff's right to due process** under color of law and through private commercial misconduct.

112. Plaintiff brings this claim under:

- **42 U.S.C. § 1983**, for deprivation of constitutionally secured rights under the Fifth and Fourteenth Amendments;
- **42 U.S.C. § 1985(2) and (3)**, for conspiracy to obstruct justice and deny equal protection;

Registered Mail #ER204090885US — Date: June 4, 2025

- **Florida Constitution, Article I, §§ 2, 9, 21**, for denial of access to courts and procedural fairness;
- Common law and equity, including the inherent right of access to honest judicial process and adjudication.

113. **Defendants jointly and severally conspired to interfere with the judicial process** in the following specific and unlawful ways:

**a. Judge Michael J. McNicholas:**

- Issued a dismissal **without any evidentiary hearing**, factual findings, or judicial basis, thereby arbitrarily stripping Plaintiff of property rights without due process;
- Ignored multiple unrebutted affidavits and verified judicial notices that established commercial default and estoppel;
- Acted in **private capacity**, outside lawful judicial function, in furtherance of a private commercial scheme to protect other named Defendants from liability;
- Suppressed public record evidence and failed to rule on dispositive motions supported by fact, law, and unrebutted verified documents.

**b. Douglas J. Kress:**

- Filed a **procedurally defective motion to dismiss** lacking verification, jurisdictional rebuttal, or affidavit as required by Florida Rules of Civil Procedure;
- Knowingly aided judicial suppression of the record by failing to rebut Plaintiff's affidavits and continuing litigation without lawful standing;
- Obstructed summary judgment by misrepresenting facts and procedure to the court.

**c. Martin Conroy and Sailfish Point Realty, LLC:**

- Received, accepted, and then withheld a $45 million commercial tender, refusing to return or reject it while using the court to evade performance;

VERIFIED FOR EQUITABLE AND CONSTITUTIONAL RELIEF AND DEMAND FOR INJUNCTIVE AND DECLARATORY REMEDY

Registered Mail #ER204090885US — Date: June 4, 2025

- Caused Plaintiff to believe the transaction would be honored, only to default and obstruct access to remedy through non-response and bad faith;
- Participated in filing knowingly false pleadings and communications that contradicted prior acknowledgments.

**d. Bruce and Susan Quinn:**

- Failed to intervene or rebut notices and affidavits, while silently benefiting from the judicial obstruction and the avoidance of commercial performance;
- Remained in dishonor and silence while legal title was vested by operation of law, equity, and unrebutted tender;
- Are complicit as **silent co-beneficiaries** of the judicial obstruction and are estopped from disclaiming agency.

114. The cumulative effect of these acts constitutes a **willful obstruction of justice** and a **systematic denial of due process**, as follows:

- Plaintiff was deprived of an impartial tribunal, fair hearing, and remedy despite having complied with all legal requirements for presentment, rebuttal, and judgment;
- Plaintiff's verified complaints, summary judgment motions, judicial notices, and affidavits were ignored or denied without basis in law;
- Defendants misused procedural mechanisms to delay or defeat lawful adjudication, thereby causing **irreparable harm, loss of rights, and deprivation of property without lawful process**.

115. These acts violate clearly established constitutional rights under the:

- **Fifth Amendment** (denial of due process and takings without just compensation),
- **Fourteenth Amendment** (equal protection and due process),
- **First Amendment** (right to petition for redress of grievances).

Registered Mail #ER204090885US — Date: June 4, 2025

116. The misconduct further violates 42 U.S.C. § 1983 and § 1985, for which a **private right of action exists**, and Plaintiff is entitled to:

- Treble damages pursuant to 42 U.S.C. § 1985,
- Injunctive relief,
- Declaratory relief,
- Attorney's fees and costs pursuant to 42 U.S.C. § 1988.

117. As a direct and proximate result of Defendants' coordinated obstruction and denial of due process, Plaintiff has sustained:

- Injury to vested property rights,
- Financial loss and cost of litigation,
- Delay in equitable performance,
- Emotional and reputational harm,
- Harm to the integrity of the record and rights in commerce.

118. Plaintiff demands judgment against all Defendants, jointly and severally, as follows:

a. **Treble damages** pursuant to 42 U.S.C. § 1985 and civil conspiracy doctrines;

b. **Compensatory damages** for commercial, reputational, and emotional injury;

c. **Punitive damages** to deter future obstruction;

d. **Declaratory relief** establishing violations of due process and constitutional protections;

e. **Permanent injunctive relief** requiring the state court to vacate the fraudulent dismissal;

f. **Attorney's fees and litigation costs** as permitted under 42 U.S.C. § 1988 and equitable principles.

### EIGHTH CAUSE OF ACTION

### Commercial Breach of Contract

### (Fla. Stat. §§ 672.206, 673.6031; UCC §§ 2-206, 3-603; Against Martin Conroy, Sailfish Point Realty, LLC, Bruce Quinn, and Susan Quinn)

VERIFIED FOR EQUITABLE AND CONSTITUTIONAL RELIEF AND DEMAND FOR INJUNCTIVE AND DECLARATORY REMEDY

Registered Mail #ER204090885US — Date: June 4, 2025

119. Plaintiff re-alleges and incorporates by reference all preceding paragraphs, affidavits, instruments, notices, filings, and exhibits as though fully set forth herein.

120. On or about March 28, 2025, Plaintiff lawfully tendered a **negotiable instrument** and **commercial offer** to Defendants Martin Conroy and Sailfish Point Realty, LLC, in the amount of **Forty-Five Million Dollars ($45,000,000.00)**, offering full, unconditional satisfaction and discharge for the purchase and conveyance of the real property located at **3016 SE Dune Drive, Stuart, Florida 34996**.

121. The offer was lawful, supported by value and consideration, and constituted a present and binding **commercial tender** under:

- **UCC § 3-603 / Fla. Stat. § 673.6031(1)** (tender of payment discharges obligation),
- **UCC § 3-104 / Fla. Stat. § 673.1041** (definition of negotiable instrument),
- **UCC § 2-206 / Fla. Stat. § 672.206** (offer and acceptance by conduct),
- **UCC § 3-311 / Fla. Stat. § 673.3111** (accord and satisfaction by tender).

122. Defendants **received**, **retained**, and **relied** on the instrument and associated affidavits, which:

- Were not rejected;
- Were not returned;
- Were never rebutted with a sworn denial or affidavit;
- Caused Defendants to remove the property from public market listing, evidencing **acceptance by conduct** under Fla. Stat. § 672.206.

123. Despite acceptance and benefit received, Defendants failed and refused to perform their **reciprocal obligations** under the contract. This constitutes a **commercial breach**.

124. Defendant **Martin Conroy** sent multiple email acknowledgments on March 28 and 29, 2025, affirmatively responding and agreeing to further communications, constituting **mutual assent** and acceptance under Fla. Stat. § 672.204 and § 672.206.

Registered Mail #ER204090885US — Date: June 4, 2025

125. Defendant **Sailfish Point Realty, LLC**, as broker and agent of record, materially participated in the commercial transaction, accepted the presentment, and removed the listing, thus acting in commercial agency and accepting performance in equity.

126. Defendants **Bruce and Susan Quinn**, as the claimed sellers and beneficiaries, received affidavits of acceptance, tender, notice, and default, and:

- Never responded;
- Never rebutted;
- Took no action to dispute the validity or tender of the instrument;
- Benefited from the silence and obstruction caused by the co-defendants;
- Are thus estopped and deemed to have accepted by silence and commercial default.

127. Under **Fla. Stat. § 673.6031(2)**, the failure to reject lawful tender constitutes **discharge of the obligation**, and any attempt to proceed contrary to the discharge constitutes a material breach, fraud, and bad faith in commerce.

128. Each of these Defendants had **constructive and actual notice** via registered mail, U.S. postal records, and physical receipt, confirmed by green card return slips and certified mail tracking.

129. Plaintiff also perfected the transaction and his rights via:

- **Recorded UCC-1 Financing Statements** with the **Florida Secured Transaction Registry**;
- **Recorded affidavits and notices** in the Martin County public record;
- **Unrebutted affidavits**, which by operation of law, equity, and estoppel, form **binding contracts** under commercial law.

130. Plaintiff fully performed, tendered value, and offered to close escrow. Defendants failed to do the same, resulting in **willful breach of contract** under commercial law, equity, and Florida statute.

131. As a direct and proximate result of Defendants' commercial breach:

Registered Mail #ER204090885US — Date: June 4, 2025

- Plaintiff has been deprived of the lawful conveyance of title;
- Suffered financial injury and loss of opportunity;
- Suffered reputational and commercial harm;
- Suffered administrative and legal expenses;
- And remains unlawfully dispossessed of his equitable and commercial interest.

132. Plaintiff has a **private right of action** for breach of contract, recognized under Florida law and the Uniform Commercial Code, and is entitled to treble damages for commercial fraud, bad faith, and equity violations.

133. Plaintiff demands judgment against **Martin Conroy, Sailfish Point Realty, LLC, Bruce Quinn, and Susan Quinn**, jointly and severally, as follows:

a. **Treble damages** for commercial fraud, willful default, and bad faith breach under UCC and Florida Statutes;

b. **Compensatory damages** in excess of $45,000,000.00 USD;

c. **Declaratory relief** confirming the validity of Plaintiff's commercial tender and discharge;

d. **Specific performance and equitable conveyance of title**;

e. **Attorney's fees and costs**;

f. **Permanent injunctive relief** preventing further obstruction or transfer of the property;

g. **Any other relief this Court deems just and proper in law and equity.**

## NINTH CAUSE OF ACTION

### Breach of Accord and Satisfaction

### (Fla. Stat. § 673.3111; Against Martin Conroy, Sailfish Point Realty, LLC, Bruce Quinn, and Susan Quinn)

134. Plaintiff realleges and incorporates by reference all preceding paragraphs, verified affidavits, commercial filings, and evidentiary exhibits as though fully set forth herein.

Registered Mail #ER204090885US — Date: June 4, 2025

135. On or about **March 28, 2025**, Plaintiff tendered to **Martin Conroy** and **Sailfish Point Realty, LLC**, as agents for the purported property owners, a **negotiable instrument** valued at **$45,000,000.00**, constituting full satisfaction of the listed purchase price for the subject property located at **3016 SE Dune Drive, Stuart, Florida 34996**.

136. The tendered instrument constituted a full, final, and unconditional offer to discharge and satisfy the underlying obligation, in strict compliance with the provisions of Fla. Stat. § 673.3111, which governs discharge of a claim via accord and satisfaction.

137. Said instrument was delivered with:

- An **explicit statement of intent** to satisfy all obligations;
- **Affidavits of tender, discharge, and completion**;
- **Notice of commercial presentment and performance**;
- And **evidentiary materials** establishing value-for-value tender.

138. Defendants **Martin Conroy and Sailfish Point Realty, LLC** accepted and retained the instrument. At no time did they:

- Return the instrument;
- Make a timely or proper rejection;
- Rebut the affidavits or terms of the accord;
- Issue a formal notice of dishonor.

139. By retaining the instrument and relying on its submission (including removing the property from the public market), Defendants **accepted** the accord and are **barred from further claims or dispute** under **Fla. Stat. § 673.3111(2)** and the doctrine of estoppel.

140. Pursuant to **Fla. Stat. § 673.3111(1)(a),** a person against whom a claim is asserted may discharge that claim if:

"That person in good faith tenders an instrument to the claimant as full satisfaction of the claim."

Registered Mail #ER204090885US — Date: June 4, 2025

141. Pursuant to § 673.3111(2):

"The claim is discharged if the person against whom the claim is asserted proves that the instrument or an accompanying written communication contained a conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim."

142. Plaintiff's instrument, affidavits, and correspondence expressly stated that the presentment was made in full satisfaction of the obligation, and it was tendered in good faith as a complete discharge.

143. **Bruce and Susan Quinn**, as purported owners and principal beneficiaries of the transaction, received full notice and supporting documentation, including:

- Registered mail copies of the instrument and affidavits;
- Notices of default and dishonor;
- Verified affidavits showing accord, satisfaction, and failure to reject;
- And failed to respond, reject, or rebut any element.

144. All four Defendants **retained benefit**, failed to perform, and acted in bad faith, resulting in a **material breach of a completed accord and satisfaction**.

145. Their continued silence and refusal to perform despite the tender constitutes **constructive fraud, commercial bad faith, and obstruction**, invoking treble liability.

146. Plaintiff perfected all commercial interest via:

- Filed UCC-1 Financing Statements with the Florida and Nevada Secured Transaction Registries;
- Recorded affidavits of discharge and equity;
- Unrebutted notices creating finality by estoppel.

147. Plaintiff has a **private right of action** under Florida law for breach of accord and satisfaction, as codified in **Fla. Stat. § 673.3111**, and is entitled to recover compensatory and treble damages due to the **deliberate bad faith and injury caused**.

Registered Mail #ER204090885US — Date: June 4, 2025

148. As a direct and proximate result of this breach, Plaintiff has suffered:

- Economic injury and deprivation of the subject real estate interest;
- Loss of contractual performance and conveyance;
- Unjust enrichment of the Defendants;
- Administrative and legal expenses;
- Emotional distress, reputational harm, and commercial obstruction.

149. Plaintiff therefore seeks full redress and enforcement of the accord, satisfaction, and commercial obligations pursuant to law, equity, and the terms of the contract, and holds **Defendants Martin Conroy, Sailfish Point Realty, LLC, Bruce Quinn, and Susan Quinn**, jointly and severally liable for:

- Treble damages under the doctrine of commercial fraud and estoppel;
- Return and enforcement of full performance of the accord;
- Liquidation of the original instrument via specific performance;
- Declaratory recognition of the binding nature of the discharge;
- All additional damages and equitable remedies permitted by law.

//

## TENTH CAUSE OF ACTION

### Tortious Interference with Contractual Relations

### (Against Defendants Martin Conroy, Sailfish Point Realty, LLC, Douglas Kress, Bruce Quinn, Susan Quinn, and Michael J. McNicholas)

150. Plaintiff re-alleges and incorporates by reference all prior paragraphs, including factual statements, commercial filings, verified affidavits, instruments, and incorporated exhibits, as though fully set forth herein.

151. On or about **March 28, 2025**, Plaintiff Kevin: Realworldfare (formerly Kevin Walker), in his fiduciary capacity for the Real Private IRR Trust, entered into a valid and binding contract by tendering a lawful commercial negotiable instrument in the amount of **$45,000,000.00 USD** to Defendants **Martin Conroy** and **Sailfish Point Realty, LLC.**

Registered Mail #ER204090885US — Date: June 4, 2025

152. The instrument was tendered as full satisfaction and discharge for the purchase of the real property located at **3016 SE Dune Drive, Stuart, Florida 34996**, accompanied by supporting affidavits, notices, and evidentiary documentation establishing presentment, acceptance, and commercial contract formation under **Fla. Stat. § 672.206, § 673.6031**, and common law.

153. The contract was constructively and equitably accepted by the Defendants' conduct, including:

- Retention of the instrument;
- Removal of the property from public listing;
- Initiation of follow-up communications to discuss closing;
- Failure to reject or return the instrument;
- Silence constituting acquiescence.

154. Plaintiff held a valid, enforceable contractual interest in the subject property supported by tendered value, perfected filings, and commercial equity.

155. Defendant **Douglas J. Kress**, a BAR-licensed attorney, without knowledge, standing, or verified authority, knowingly filed a **facially defective and unverified motion to dismiss** on behalf of Conroy and Sailfish Point Realty. Said filing was made:

- Without affidavit;
- Without rebuttal of contract terms or commercial notices;
- In bad faith;
- And for the sole purpose of obstructing enforcement of the contract.

156. Defendants **Bruce Quinn** and **Susan Quinn**, as purported property owners, were served all notices and instruments, stood silent, and failed to rebut any portion thereof. Despite standing in default, they coordinated with Conroy and Kress to interfere with Plaintiff's contract rights by:

- Endorsing the defense strategy;
- Authorizing litigation misconduct;

Registered Mail #ER204090885US — Date: June 4, 2025

1  • Refusing to close escrow or honor tender;

2  • And remaining in possession of property after equitable title vested in

3     Plaintiff.

4  157.Defendant **Michael J. McNicholas**, acting outside judicial capacity,

5  participated in the interference by:

6  • Ignoring unrebutted affidavits;

7  • Refusing to adjudicate commercial default and estoppel;

8  • Granting an unverified and procedurally void motion to dismiss;

9  • And effectively nullifying Plaintiff's commercial contract and equity rights

10    in violation of due process and constitutional protections.

11  158.Each of these acts was **intentional, knowing, and malicious**, with the

12  purpose of frustrating Plaintiff's valid commercial rights, obstructing closing of

13  escrow, and facilitating unlawful enrichment and retention of a property lawfully

14  vested in equity to Plaintiff.

15  159.Under Florida law, a cause of action for **tortious interference with a contract**

16  requires:

17  a. The existence of a contract;

18  b. The defendant's knowledge of the contract;

19  c. Intentional and unjustified interference with the contract;

20  d. Damage to the Plaintiff as a result of the interference.

21  – See *Tamiami Trail Tours, Inc. v. Cotton*, 463 So.2d 1126 (Fla. 1985); *KMS Rest.*

22  *Corp. v. Wendy's Int'l, Inc.*, 361 F.3d 1321 (11th Cir. 2004).

23  160.All Defendants had **actual and constructive notice** of the contract, the

24  commercial tender, and the equity claims—yet willfully ignored them and chose to

25  interfere by action, inaction, procedural obstruction, or fraudulent litigation tactics.

26  161.As a direct and proximate result of the Defendants' tortious conduct:

27  • Plaintiff has been unlawfully deprived of property interest;

28  • The closing and lawful conveyance were obstructed;

Registered Mail #ER204090885US — Date: June 4, 2025

1    • Plaintiff's secured interest was clouded and undermined;

2    • Plaintiff incurred measurable legal costs, administrative burden,

3    reputational injury, and commercial damage.

4    162. Defendants acted **jointly and severally** in a pattern of bad faith and

5    commercial misconduct that constitutes civil fraud and obstruction.

6    163. Plaintiff asserts a **private right of action** under Florida tort law, and

7    demands full recovery including **treble damages** pursuant to commercial injury,

8    fraud, and willful interference.

9    164. Treble damages are appropriate and necessary due to:

10    • The willful nature of the interference;

11    • The fraud involved;

12    • The abuse of public office;

13    • The economic harm caused by intentional obstruction of a valid contract.

14    **ELEVENTH CAUSE OF ACTION**

15    **Fraud on the Court**

16    **(Against Defendants Martin Conroy, Sailfish Point Realty, LLC, Douglas J.**

17    **Kress, Bruce Quinn, Susan Quinn, and Michael J. McNicholas)**

18    165. Plaintiff re-alleges and incorporates by reference all preceding paragraphs,

19    verified instruments, affidavits, filings, and all supporting evidence as if fully set

20    forth herein.

21    166. Defendants **Martin Conroy**, **Sailfish Point Realty, LLC**, **Douglas J. Kress**,

22    **Bruce Quinn**, **Susan Quinn**, and **Judge Michael J. McNicholas** committed willful,

23    deliberate, and malicious **fraud on the court** in violation of fundamental due

24    process, judicial integrity, and public trust.

25    167. A "**fraud on the court**" occurs when an officer of the court or a party

26    commits conduct that corrupts the judicial process itself. It includes:

27    • Fabrication of facts;

28    • Concealment of material facts;

- Filing of false or deceptive pleadings;
- Knowingly misleading the court;
- And suppressing unrebutted, dispositive evidence.

168.On or about **April 29, 2025, Douglas J. Kress**, a licensed Florida attorney and officer of the court, filed a **Motion to Dismiss Amended Verified Complaint to Quiet Title and for Equitable Relief** on behalf of **Martin Conroy and Sailfish Point Realty, LLC.**

169.That motion was:

- Unverified;
- Unsupported by affidavit;
- Lacking jurisdictional foundation;
- Filed without rebuttal of Plaintiff's notices, affidavits, or perfected filings;
- And deliberately designed to deceive the court into believing no valid contract, title interest, or controversy existed.

170.Defendant **Michael J. McNicholas**, acting under color of office but outside judicial capacity, granted the defective motion on **June 3, 2025**, despite:

- No verified opposition having been filed;
- Multiple unrebutted affidavits of fact on record;
- A perfected UCC-1 security interest on file;
- And Plaintiff's commercial and equitable rights having been demonstrated and served.

171.Plaintiff filed and recorded over ten **separate <u>verified</u> pleadings and affidavits,** including:

- Verified Point-by-Point Rebuttal;
- Verified Judicial Notice of Record Facts;
- Final Demand for Entry of Judgment;
- Verified Affidavit of Commercial Dishonor and Contract Formation;

Registered Mail #ER204090885US — Date: June 4, 2025

1    • And a Verified Conditional Acceptance of the defective motion and so-
2       called opposition.
3    172. Each affidavit and filing was served via Registered or Certified Mail,
4    pursuant to the mailbox rule, with 3811 proof of delivery. No rebuttal, affidavit, or
5    sworn response was ever produced by any Defendant.
6    173. Defendants **Bruce Quinn** and **Susan Quinn** were each served notice of these
7    filings and commercial instruments but failed to respond or intervene. Yet they
8    allowed their purported interests to be used in support of the fraud upon the court
9    by silence, complicity, and agency through **Douglas J. Kress** and **Martin Conroy**.
10   174. Defendants knowingly misled the court into believing that no contract
11   existed, that the tender was invalid, and that Plaintiff's filings were meritless. This
12   was false and known to be false at the time.
13   175. The fraudulent filings, omissions, and judicial suppression of the
14   evidentiary record constitute an egregious abuse of process and a knowing
15   obstruction of equity jurisdiction.
16   176. The elements of **fraud on the court** under both Florida and federal precedent
17   (e.g., *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944); *Bambrick v.*
18   *Bambrick*, 165 So. 2d 449 (Fla. 2d DCA 1964)) include:
19   • Intentional deception by officers of the court;
20   • A direct impact on the integrity of the judicial process;
21   • Resulting in a miscarriage of justice or injury to the adversary.
22   177. All elements are met here. Defendants engaged in:
23   • Procedural fraud;
24   • Evidentiary suppression;
25   • Bad-faith litigation tactics;
26   • And coordinated obstruction of justice.
27   178. The wrongful dismissal order issued on **June 3, 2025,** constitutes a void
28   judgment under **fraud and due process violations**, as it relied on knowingly false,

Registered Mail #ER204090885US — Date: June 4, 2025

1  incomplete, and unverified representations, and ignored all unrebutted commercial
2  and equity evidence.

3  179.Plaintiff has suffered commercial damage, procedural prejudice, lost remedy,
4  and reputational harm as a direct result of Defendants' fraudulent scheme to
5  manufacture a judicial outcome through deception, omission, and misuse of the
6  courts.

7  180.This cause of action supports a **private right of action** under both federal
8  and Florida law, including:

9  • Independent equitable relief to vacate fraud-based judgments;

10  • Claims for sanctions, attorney misconduct, and judicial corruption;

11  • And full recovery for the underlying damage caused.

12  181.Plaintiff demands **treble damages** as allowed by law due to:

13  • Intentional fraud;

14  • Patterned abuse of the legal process;

15  • Economic harm and denial of remedy;

16  • And willful disregard of fiduciary and public duties by Defendants.

17  182.**Each Defendant is jointly and severally liable for this fraud**, and no
18  Defendant may claim immunity, as the conduct alleged was done in private
19  capacity, outside lawful scope of office or licensure, ***and in direct violation of their***
20  **oath and duties to the court and law.**

21                          **TWELFTH CAUSE OF ACTION**

22          **Violation of Right to Equitable Remedy / Clean Hands Doctrine**

23       **(Against Defendants Martin Conroy, Sailfish Point Realty, LLC, Douglas J.**

24            **Kress, Bruce Quinn, Susan Quinn, and Michael J. McNicholas)**

25  183.Plaintiff re-alleges and incorporates by reference all preceding
26  paragraphs, <u>verified</u> filings, ***unrebutted*** **affidavits**, and all other evidentiary
27  material submitted in support of this Verified Complaint as though fully set
28  forth herein.

Registered Mail #ER204090885US — Date: June 4, 2025

184. Plaintiff, Kevin: Realworldfare, sought relief in equity to quiet title and enforce a lawful discharge and conveyance tendered under commercial law and public policy.

185. Plaintiff's **Verified** Complaint was grounded in ***unrebutted*** affidavits, perfected UCC filings, lawful tender of value (a $45,000,000 negotiable instrument), and documented removal of the subject property from market listing following presentment. These facts constitute a valid equitable claim supported by record and law.

186. The **Clean Hands Doctrine prohibits any party who has engaged in fraud, dishonor, or bad faith** from invoking the jurisdiction of a court of equity **or interfering with the equitable remedy of another.** No party may benefit from a judgment in equity while simultaneously operating in deceit, obstruction, or misconduct.

187. The following Defendants each engaged in unclean hands:

- **Martin Conroy**: Accepted and retained the Plaintiff's lawful instrument, removed the property from the market, engaged in continued silence, and admitted by phone on April 9, 2025, that he was "ignoring" the Plaintiff.

- **Sailfish Point Realty, LLC**: Acted as the commercial broker, receiving presentment and failing to return, reject, or rebut the instrument. Acted in collusion to obstruct performance.

- **Douglas J. Kress**: As a BAR-licensed attorney, filed an unverified, defective motion to dismiss despite knowing the existence of valid equity claims, lawful tender, and unrebutted commercial record. He knowingly obstructed access to equity through fraud and concealment.

- **Bruce Quinn** and **Susan Quinn**: Were both served lawful affidavits and constructive notice, failed to rebut or contest Plaintiff's claim, and knowingly stood silent while their purported interest was used as a tool to defeat Plaintiff's equitable relief through commercial dishonor.

VERIFIED FOR EQUITABLE AND CONSTITUTIONAL RELIEF AND DEMAND FOR INJUNCTIVE AND DECLARATORY REMEDY

Registered Mail #ER204090885US — Date: June 4, 2025

1   • **Michael J. McNicholas**: Purporting to act as judge, this Defendant ignored
2       unrebutted affidavits, failed to conduct any evidentiary hearing, suppressed
3       material facts on record, and dismissed Plaintiff's Verified Complaint for
4       Equitable Relief, all while acting in excess of jurisdiction and in private
5       capacity.

6   188. Equity jurisprudence mandates that when a Plaintiff comes to court with
7   clean hands — with verified facts, lawful tender, and commercial compliance — the
8   court must not deny relief by upholding the misconduct of another. (*Precision*
9   *Instrument Mfg. Co. v. Automotive Maintenance Machinery Co.*, 324 U.S. 806 (1945)).

10  189. Defendants, through collective dishonor, concealment, procedural
11  obstruction, and bad faith, directly violated Plaintiff's right to equitable relief,
12  access to fair adjudication, and substantive remedy. Each Defendant is guilty of bad
13  faith conduct that fatally taints their standing in equity.

14  190. The Florida courts, including the one presided over by **Michael J.**
15  **McNicholas**, failed to provide remedy despite being presented with ***unrebutted***
16  facts, ***perfected*** notices, and **verified** claims, thus perpetrating a **fraud upon the**
17  **court and violating the foundational requirements of equity.**

18  191. Each Defendant's conduct is barred by estoppel, fraud, and the **Clean**
19  **Hands Doctrine**, and they must be deemed legally and commercially disqualified
20  from asserting any defense, claim, or standing to interfere with Plaintiff's equitable
21  remedy.

22  192. The **Clean Hands Doctrine** is a binding equitable maxim enforceable under
23  Florida law and applicable in federal courts under doctrines of inherent equity
24  jurisdiction. This includes a **private right of action** in equity where interference
25  with lawful remedy, breach of fiduciary duty, or deliberate suppression of truth has
26  occurred.

27  193. Plaintiff has suffered actual harm in the form of:
28  • Denial of equitable performance;

Registered Mail #ER204090885US — Date: June 4, 2025

1   • Clouding of title;

2   • Damage to secured property rights;

3   • Procedural prejudice in court;

4   • Emotional and commercial injury;

5   • And lost opportunity to resolve the matter honorably and privately.

6   194. As a result of this interference, denial of access to justice, and violation of

7   equity doctrine, Plaintiff demands **treble damages** and equitable restitution from all

8   named Defendants, jointly and severally, in a sum to be proven at trial.

9   195. These Defendants are not shielded by immunity, privilege, or status as their

10  conduct was **outside the scope of lawful authority**, performed in **bad faith**, **and**

11  **constitutes an actionable tort and commercial breach.**

12                    **THIRTEENTH CAUSE OF ACTION**

13             **Quiet Title Under Federal Equity Jurisdiction**

14  **(Against Defendants Martin Conroy, Sailfish Point Realty, LLC, Bruce Quinn,**

15                **Susan Quinn, and Michael J. McNicholas)**

16  196. Plaintiff re-alleges and incorporates by reference all preceding paragraphs,

17  facts, affidavits, exhibits, and verified filings in full as though fully set forth herein.

18  197. Plaintiff seeks to quiet title in the subject property located at **3016 SE Dune**

19  **Drive, Stuart, FL 34996**, which is encumbered by clouded and fraudulent claims in

20  violation of federal law, commercial codes, and equitable principles.

21  198. Plaintiff, **Kevin: Realworldfare**, is the **Secured Party** and **Real Party in**

22  **Interest**, having lawfully tendered full discharge, value-for-value, through a

23  $45,000,000 negotiable instrument on March 28, 2025, in lawful presentment under

24  UCC § 3-603, Fla. Stat. § 673.6031, and Fla. Stat. § 673.1041.

25  199. Plaintiff perfected a superior security interest and claim of equitable title

26  through:

27  • Commercial affidavits served on all relevant parties;

28  • UCC-1 Financing Statements duly filed in **Florida** and **Nevada**;

VERIFIED FOR EQUITABLE AND CONSTITUTIONAL RELIEF AND DEMAND FOR INJUNCTIVE AND DECLARATORY REMEDY

Registered Mail #ER204090885US — Date: June 4, 2025

- A **Notice of Lis Pendens** recorded in the Martin County official records;
- Delivery of instrument, notices, and supporting affidavits to each Defendant;
- Verified and unrebutted commercial and judicial filings establishing constructive and actual notice.

200. Plaintiff's interest in the Property is vested by operation of law and equity, supported by:

- Delivery and acceptance of a valid negotiable instrument (UCC § 3-311; Fla. Stat. § 673.3111);
- Conduct consistent with contract formation and performance (UCC § 2-204, § 2-206);
- Unrebutted Affidavit of Sale and Vesting of Title, dated April 5, 2025;
- Default and dishonor by all named Defendants;
- Administrative silence, commercial estoppel, and procedural acquiescence.

201. The Quiet Title remedy arises from Article III of the United States Constitution, 28 U.S.C. § 2201 (Declaratory Relief), 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. § 1343 (Civil Rights), and general equity jurisdiction preserved under **Clearfield Trust Co. v. United States**, 318 U.S. 363 (1943), as well as long-standing doctrines of estoppel, clean hands, commercial default, and unrebutted affidavits constituting binding contract under **UCC § 3-603**, **UCC § 3-311**, and **Fla. Stat. §§ 673.6031 and 673.3111**.

202. On or about **March 28, 2025**, Plaintiff tendered a lawful, unconditional commercial instrument, negotiable under **UCC § 3-104** and **Fla. Stat. § 673.1041**, in the amount of **$45,000,000.00**, to Defendant Martin Conroy and Defendant Sailfish Point Realty, LLC, for full discharge and acquisition of the subject property.

203. **Said instrument was never returned, rejected, or rebutted,** and the subject property was immediately removed from the public market, confirming

Registered Mail #ER204090885US — Date: June 4, 2025

**constructive acceptance and reliance** under UCC **§§ 2-204 and 2-206** and **Fla. Stat. § 672.206**, thereby vesting equitable interest in Plaintiff as a matter of law and fact.

204. Plaintiff perfected a security interest in the subject property by filing UCC-1 Financing Statements in **Florida and Nevada**, and by serving notarized affidavits of truth, commercial notice, and Lis Pendens by registered and certified mail, all of which remain unrebutted and stand as binding legal instruments under **Florida law** and federal equity principles.

205. Plaintiff's perfected claims have never been rebutted, countered, or refuted by any party. No verified competing title claim exists on record. The Defendants' failure to respond or cure constitutes tacit agreement and confession under law merchant and commercial law.

206. Defendants **Bruce Quinn** and **Susan Quinn** were duly served with affidavits, commercial notice, and demand for rebuttal. They failed to respond, and thus stand in commercial and equitable default. Their silence constitutes acquiescence and estoppel under law.

207. Defendant **Martin Conroy** acknowledged receipt of Plaintiff's instrument and offer through email and direct communications, including a phone call on **April 9, 2025,** during which he explicitly stated, "I am ignoring you." Such conduct constitutes knowing and intentional dishonor, conversion of instrument, and obstruction of equitable title.

208. Defendant **Michael J. McNicholas**, acting under color of law and exceeding judicial capacity, unlawfully dismissed Plaintiff's Verified Complaint for Quiet Title without conducting any evidentiary hearing, without addressing unrebutted affidavits, and while aiding private parties in evading lawful commercial performance. This constitutes direct interference with Plaintiff's equitable remedy and amounts to judicial fraud, deprivation of rights, and ultra vires conduct.

209. The actions and omissions of each named Defendant constitute a knowing and willful attempt to:

VERIFIED FOR EQUITABLE AND CONSTITUTIONAL RELIEF AND DEMAND FOR INJUNCTIVE AND DECLARATORY REMEDY

Registered Mail #ER204090885US — Date: June 4, 2025

- Obstruct lawful conveyance of title;

- Interfere with a binding commercial agreement;

- Deny equitable remedy without jurisdictional standing;

- Maintain and assert false or fraudulent claims to title;

- And deprive Plaintiff of property, process, and remedy guaranteed under federal law.

210. Plaintiff's claim to the subject property is superior and exclusive, having been lawfully tendered, recorded, perfected, and supported by a full evidentiary and commercial record. There exists no valid or lawful competing claim supported by rebuttal, affidavit, or verified legal interest.

211. Plaintiff has suffered commercial harm, emotional distress, reputational injury, and obstruction of equitable rights as a direct result of Defendants' misconduct, omissions, and conspiracy.

212. Plaintiff asserts a **private right of action** to quiet title under the federal equity jurisdiction of this Court, and pursuant to Florida equity principles and **Fla. Stat. § 65.061**, as well as supplemental federal jurisdiction under 28 U.S.C. § 1367.

213. The Plaintiff demands that this Court issue a judgment declaring:

- That The Plaintiff holds **equitable and superior** title to the Property;

- All adverse claims are **void, extinguished, and canceled of record;**

- Title is hereby quieted in favor of Plaintiff.

- That a certified quiet title order be recorded in the Martin County Public Records;

- And that all Defendants be held jointly and severally liable for **treble damages** arising from their willful interference with Plaintiff's vested commercial and equitable rights.

214. Defendants' acts and omissions in continuing to assert false claims, obstruct transfer, and cloud Plaintiff's vested title constitute knowing, willful interference

VERIFIED FOR EQUITABLE AND CONSTITUTIONAL RELIEF AND DEMAND FOR INJUNCTIVE AND DECLARATORY REMEDY

Registered Mail #ER204090885US — Date: June 4, 2025

1   and bad faith commercial behavior, warranting **treble damages**, **costs of litigation**,

2   and **further equitable relief** under the court's inherent powers.

3      215. The **private right of action** for quiet title under federal equity principles

4   exists when title is fraudulently clouded, commercially obstructed, or judicially

5   impaired by those without lawful claim. The current record meets this standard as a

6   matter of fact and law.

7                    **FOURTEENTH CAUSE OF ACTION**

8                         **Specific Performance**

9   **(Against Defendants Martin Conroy, Sailfish Point Realty, LLC, Susan Quinn,**

10              **Bruce Quinn, Douglas J. Kress, and Michael J. McNicholas)**

11      216. Plaintiff re-alleges and incorporates by reference all preceding paragraphs,

12   facts, exhibits, *unrebutted* **affidavits,** and verified filings as though fully set forth

13   herein.

14      217. Plaintiff, the **Secured Party** and **Real Party In Interest**, lawfully

15   tendered an unconditional commercial offer and negotiable instrument in the

16   amount of **$45,000,000 USD** to Defendants **Martin Conroy** and **Sailfish Point**

17   **Realty, LLC** on **March 28, 2025**, constituting full discharge and satisfaction of

18   the listed value for the subject real property located at **3016 SE Dune Drive,**

19   **Stuart, Florida 34996**.

20      218. This tender satisfied the statutory elements of a negotiable instrument

21   under **Fla. Stat. § 673.1041 (UCC § 3-104)** and was supported by lawful

22   presentment under **Fla. Stat. § 673.5011**, value as defined in **Fla. Stat. §**

23   **673.3031 (UCC § 3-303)**, and acceptance by conduct under **Fla. Stat. § 672.206**

24   **(UCC § 2-206)**.

25      219. Defendants **Martin Conroy**, **Susan Quinn**, **Bruce Quinn**, and **Sailfish Point**

26   **Realty, LLC** received this instrument, failed to return, reject, or rebut it, and instead

27   removed the subject property from the public MLS market, evidencing commercial

28   reliance, intent to accept, and ratification of contract formation.

Registered Mail #ER204090885US — Date: June 4, 2025

220. No rejection, revocation, or counteroffer was ever made by any Defendant, creating a legally enforceable obligation supported by offer, consideration, and performance under both **Florida commercial law** and the **common law of equity**.

221. The offer and supporting affidavits constitute a valid and binding contract. Plaintiff's performance has been complete, lawful, and tendered in good faith. Defendants' continued refusal to convey title constitutes breach, dishonor, and commercial fraud.

222. The equitable doctrine of specific performance applies when monetary damages are insufficient to remedy a unique or irreplaceable interest—such as real property—and when Plaintiff has fully performed under the contract. In this case, Plaintiff has done so.

223. **Specific performance is the only adequate remedy** to prevent further commercial injury, loss of vested equitable title, and unjust enrichment by Defendants. Under Florida law, specific performance is a well-established equitable remedy, especially concerning the conveyance of unique real estate interests.

224. Plaintiff's demand for specific performance is based on:

- Offer and acceptance through conduct (Fla. Stat. § 672.204 and § 672.206);
- Lawful value given (Fla. Stat. § 673.3031);
- Performance and presentment (Fla. Stat. § 673.5011);
- Non-rejection and silence, constituting acceptance and estoppel;
- Equitable right to compel deed conveyance under constructive trust and contract enforcement doctrines.

225. **Douglas J. Kress**, an attorney licensed under the Florida BAR, materially contributed to this commercial obstruction by filing an unverified, procedurally void motion to dismiss which failed to rebut Plaintiff's tenders or lawfully contest Plaintiff's claim to specific performance. His actions in aiding and abetting the breach bar any claim of good faith.

Registered Mail #ER204090885US — Date: June 4, 2025

226. **Judge Michael J. McNicholas**, acting under color of law and in excess of lawful judicial capacity, unlawfully dismissed Plaintiff's verified quiet title action without evidentiary hearing, factual inquiry, or rebuttal—knowingly obstructing specific performance in favor of procedurally defective filings by fraudulent actors.

227. **Susan Quinn** and **Bruce Quinn**, having received affidavits and notices without rebuttal, and having failed to convey or disclaim title, are in default and estoppel. They are constructively parties to the contract and subject to enforcement of the agreement via specific performance.

228. Plaintiff now seeks a **mandatory equitable order** compelling:

- **Conveyance of full legal title** to Plaintiff;
- **Removal of all adverse claims**;
- **Execution of escrow closure** and transfer;
- **Recognition of Plaintiff's vested, enforceable ownership**.

229. All named Defendants acted in **knowing obstruction of contract performance**, causing severe harm, cloud on title, and commercial injury. Their acts constitute a coordinated attempt to defeat Plaintiff's vested equity through bad faith, silence, and procedural abuse.

230. As a direct and proximate result of Defendants' acts and omissions, Plaintiff has suffered:

- **Irreparable injury** to equitable title and trust corpus;
- **Delay and obstruction of escrow closure**;
- **Severe economic and reputational damage**, warranting **treble damages** pursuant to fraud-based civil conspiracy and tortious interference.

231. Plaintiff asserts a **private right of action for specific performance** under Florida equity law and common law contract enforcement, supported by the Uniform Commercial Code and applicable state statutes.

//

//

Registered Mail #ER204090885US — Date: June 4, 2025

## FIFTEENTH CAUSE OF ACTION

### Declaratory Relief – 28 U.S.C. § 2201

**(Against Defendants Martin Conroy, Sailfish Point Realty, LLC, Susan Quinn, Bruce Quinn, Douglas J. Kress, and Michael J. McNicholas)**

232. Plaintiff re-alleges and incorporates by reference all preceding paragraphs, *unrebutted* **affidavits**, commercial instruments, exhibits, and facts set forth herein.

233. Pursuant to **28 U.S.C. § 2201**, the Plaintiff seeks a judicial declaration of rights, obligations, and legal status concerning the real property located at **3016 SE Dune Drive, Stuart, Florida 34996**, which is the subject of this dispute.

234. Plaintiff tendered a valid, lawful negotiable instrument to Defendant **Martin Conroy** and **Sailfish Point Realty, LLC** on **March 28, 2025**, in the amount of **$45,000,000 USD**, satisfying all statutory criteria under **Fla. Stat. § 673.1041 (UCC § 3-104)** and **Fla. Stat. § 673.3111 (UCC § 3-311)** for lawful discharge of obligation and satisfaction of contract.

235. This instrument was never rejected, dishonored, or returned. Instead, the Defendants removed the subject property from public listing without explanation or legal rebuttal, thereby ratifying and relying on the tender. Conduct amounts to acceptance under **Fla. Stat. § 672.204 and § 672.206 (UCC Article 2)**.

236. As a result, a bona fide controversy exists between the Plaintiff, who has acquired and perfected a lawful security interest and equitable title, and the named Defendants, who wrongfully assert claims or remain silent while attempting to avoid lawful conveyance of title.

237. Plaintiff has filed and perfected **UCC-1 Financing Statements** under **Nevada** and **Florida law**, providing constructive notice to all parties. These are enforceable under **Fla. Stat. § 679.5091 (UCC § 9-509)** and further establish Plaintiff's standing as Secured Party and lawful Real Party In Interest.

238. The Court is authorized and required under **28 U.S.C. § 2201(a)** to declare the rights and other legal relations of the parties with respect to:

Registered Mail #ER204090885US — Date: June 4, 2025

- The validity and legal sufficiency of the commercial tender;
- The commercial default of the Defendants;
- The vested legal and equitable title in Plaintiff as of the date of tender;
- The extinguishment of any adverse or competing claims to the subject property;
- The enforceability of Plaintiff's unrebutted affidavits and administrative filings;
- The legal invalidity of the Defendants' opposition due to failure to verify, rebut, or respond in lawful form.

239. The controversy is real, substantial, and justiciable. Plaintiff has no adequate remedy at law without judicial declaration, given the Defendants' continued silence, evasion, and obstruction.

240. **Susan Quinn** and **Bruce Quinn** failed to rebut lawful notices and affidavits served upon them directly, and are therefore estopped under both commercial law and equity from asserting any interest contrary to the Plaintiff's.

241. **Douglas J. Kress**, by filing procedurally and jurisdictionally defective pleadings without affidavit or verification, has actively participated in suppressing Plaintiff's rights, creating further confusion and injury requiring judicial clarification.

242. **Michael J. McNicholas**, by granting an unlawful dismissal while ignoring unrebutted affidavits and perfected tenders, has created an unconstitutional and commercially fraudulent obstruction to the Plaintiff's equitable remedy, further justifying declaratory intervention.

243. This action is ripe for adjudication. Plaintiff is entitled to a declaratory judgment confirming that:

- The tendered negotiable instrument constitutes lawful discharge;
- Plaintiff holds exclusive and superior equitable and commercial title to the subject property;

Registered Mail #ER204090885US — Date: June 4, 2025

- The silence and inaction of all Defendants constitutes commercial and administrative default;

- The dismissal in state court is void and without legal effect, having been rendered in violation of procedural due process and equity;

- All adverse claims are extinguished and must be removed from the record.

244. The Plaintiff is further entitled to treble damages associated with the wrongful withholding of property rights, commercial obstruction, and deprivation of equitable relief, as supported by the underlying statutory violations and tortious acts alleged in prior causes of action.

245. A **private right of action** exists under **28 U.S.C. § 2201**, as the statute is **expressly designed to allow** individuals to resolve actual legal controversies concerning rights, title, and obligations, particularly when administrative exhaustion and tender have been completed and commercial records perfected.

### SIXTEENTH CAUSE OF ACTION

### Civil Racketeering – RICO

### (18 U.S.C. § 1962(c) – Conduct of Enterprise Through a Pattern of Racketeering Activity)

### (18 U.S.C. § 1962(d) – Conspiracy to Commit Racketeering)

### (Against All Defendants Jointly and Severally)

246. Plaintiff re-alleges and incorporates by reference all preceding paragraphs, *unrebutted* **affidavits,** commercial instruments, exhibits, and facts set forth herein.

247. This cause of action arises under the **Racketeer Influenced and Corrupt Organizations Act (RICO)**, 18 U.S.C. §§ 1961–1968, specifically §§ 1962(c) and (d), and Plaintiff asserts a **private right of action** pursuant to 18 U.S.C. § 1964(c), which authorizes treble damages for any person injured in their business or property by reason of a RICO violation.

Registered Mail #ER204090885US — Date: June 4, 2025

1    248. **Defendants formed an enterprise**, whether formally or informally, for the

2    unlawful objective of dispossessing Plaintiff of secured real property interest and

3    obstructing lawful equity-based remedy. The enterprise consisted of:

4    • **Martin Conroy** and **Sailfish Point Realty, LLC**, operating as commercial

5    actors and brokers;

6    • **Douglas Kress**, acting as legal counsel and commercial hitman cloaked in

7    judicial process;

8    • **Judge Michael J. McNicholas**, using his office to lend color of law to a

9    privately orchestrated scheme;

10   • **Bruce and Susan Quinn**, the purported property holders who stood silent,

11   in dishonor, as agents acted fraudulently in their name.

12   249. This **association-in-fact enterprise** meets the statutory definition

13   under 18 U.S.C. § 1961(4) and has been engaged in activities affecting

14   interstate commerce.

15   250. **Each Defendant engaged in multiple predicate acts** constituting a

16   "pattern of racketeering activity" under 18 U.S.C. § 1961(5), including but not

17   limited to:

18   • **Mail fraud** (18 U.S.C. § 1341): repeated use of USPS to send false filings,

19   false legal process, and ignore verified notices;

20   • **Wire fraud** (18 U.S.C. § 1343): email communications from Martin Conroy

21   and others establishing constructive acceptance of Plaintiff's offer while

22   concealing true intentions;

23   • **Obstruction of justice** (18 U.S.C. §§ 1503, 1512): unlawful judicial dismissal

24   of a verified complaint based on unrebutted affidavits and defective

25   pleadings, in deliberate suppression of facts;

26   • **Extortion under color of official right** (18 U.S.C. § 1951): the use of a

27   judge's position to enforce an unlawful dispossession of Plaintiff's property

28   for private gain;

Registered Mail #ER204090885US — Date: June 4, 2025

1   • **Interference with commerce by threats or fraud** (18 U.S.C. § 1951): the
2      coordinated denial of lawful tender and fraudulent court rulings to frustrate
3      equity and property transfer.

4   251. These predicate acts were **related**, **continuous**, and **committed over a**
5   **substantial period**, forming a coordinated scheme to defraud, dispossess,
6   and suppress redress.

7   252. The objectives of the RICO enterprise were:

8      • To ignore lawful tender and perfect security interests;

9      • To maintain control of property without valid rebuttal or equitable standing;

10     • To launder the judicial process through unlawful dismissal and procedural
11       obstruction;

12     • To unjustly enrich the Quinns and realty actors while suppressing rightful title.

13  253. Defendant **Judge Michael J. McNicholas**, though cloaked in judicial office,
14  acted in **non-judicial capacity** and outside the scope of lawful authority, as **barred**
15  under *Clearfield Trust Co. v. United States*, 318 U.S. 363 (1943), and therefore stands
16  as a **private actor** in this racketeering scheme.

17  254. Defendant **Douglas J. Kress** served as a knowing legal enabler of the
18  enterprise, filing facially and procedurally defective pleadings designed to create
19  the illusion of lawful resistance where none existed. He acted without affidavit,
20  verification, or jurisdictional rebuttal.

21  255. Defendant **Martin Conroy** misrepresented intentions, accepted value, and
22  later obstructed all communication, while his agency, **Sailfish Point Realty, LLC**,
23  remained in active commercial dishonor.

24  256. **Bruce and Susan Quinn**, having received affidavits, default notices, and
25  contractual offers, failed to respond or rebut and thus stood in silent ratification of
26  the fraudulent acts of their agent.

27  257. These acts caused **direct and proximate harm** to Plaintiff's business and
28  property interests, including:

Registered Mail #ER204090885US — Date: June 4, 2025

1    • Loss of vested equitable title;

2    • Deprivation of lawful conveyance;

3    • Obstruction of legal process and court access;

4    • Substantial financial harm and commercial damage;

5    • Emotional trauma, reputational damage, and opportunity loss.

6    258. Plaintiff is entitled to **treble damages**, **costs**, **injunctive relief**, and **punitive**

7    **damages** under 18 U.S.C. § 1964(c), which provides a private right of action to

8    individuals injured by RICO violations.

9    259. Plaintiff demands judgment against all Defendants as follows:

10   260. a. **Treble damages** for injuries to business and property;

11   b. **Full compensatory and special damages**;

12   c. **Punitive damages** for willful, malicious conduct;

13   d. **Equitable relief** including a declaratory judgment recognizing Plaintiff's

14   vested title;

15   e. **Permanent injunction** preventing Defendants from further fraud or misuse of

16   legal process;

17   f. **Costs of suit**, including expert fees and all related litigation expenses.

18                          **SEVENTEENTH CAUSE OF ACTION**

19              **(Violation of Florida Civil RICO – Fla. Stat. § 772.103)**

20   **(Against Defendants: Michael J. McNicholas, Douglas J. Kress, Martin Conroy,**

21              **Sailfish Point Realty, LLC, Bruce Quinn, and Susan Quinn)**

22   261. Plaintiff incorporates by reference all preceding paragraphs as if fully set

23   forth herein.

24   262. This cause of action arises under **Florida's Racketeer Influenced and**

25   **Corrupt Organization Act, Fla. Stat. §§ 772.101–772.104**, specifically **§ 772.103**,

26   which prohibits engaging in a pattern of racketeering activity or unlawful debt

27   collection through an enterprise.

28

VERIFIED FOR EQUITABLE AND CONSTITUTIONAL RELIEF AND DEMAND FOR INJUNCTIVE AND DECLARATORY REMEDY

Registered Mail #ER204090885US — Date: June 4, 2025

263. Plaintiff is a "person" within the meaning of **Fla. Stat. § 772.102(1)** and has standing to bring a **private civil action for treble damages** under **Fla. Stat. § 772.104(1)**.

264. Defendants **Michael J. McNicholas**, **Douglas J. Kress**, **Martin Conroy**, **Sailfish Point Realty, LLC**, **Bruce Quinn**, and **Susan Quinn**, collectively and individually, formed an **enterprise**, both formal and informal, to unlawfully deprive Plaintiff of his secured and vested interest in real property, commercial remedy, and access to fair and impartial judicial process.

265. This enterprise engaged in **a pattern of racketeering activity**, which includes but is not limited to:

a. **Mail and wire fraud**, in violation of 18 U.S.C. §§ 1341 and 1343;

b. **Fraud upon the court**, including knowingly filing false, defective, and misleading documents;

c. **Obstruction of justice**, including suppression of verified affidavits and tampering with official process;

d. **Dishonor of commercial tender** in violation of **Fla. Stat. § 673.6031** and **Fla. Stat. § 673.3111**;

e. **Conspiracy to violate civil rights** under color of law, in violation of **18 U.S.C. § 241** and **42 U.S.C. § 1985(3)**.

266. Defendant **Douglas J. Kress**, with full knowledge of Plaintiff's verified filings and perfected interest, filed a procedurally defective, unverified, and unlawful motion to dismiss without legal standing, constituting a fraudulent act and part of a broader commercial scheme to unlawfully dispossess Plaintiff.

267. Defendant **Michael J. McNicholas**, acting under color of law but beyond his lawful jurisdiction, granted the defective motion despite unrebutted affidavits, perfected filings, and record evidence of dishonor, all in knowing violation of Plaintiff's rights. He thereby materially aided and abetted a fraudulent commercial taking.

Registered Mail #ER204090885US — Date: June 4, 2025

1    268.Defendant **Martin Conroy** received and retained Plaintiff's lawful tendered

2    negotiable instrument valued at $45,000,000.00 and failed to reject, return, or rebut

3    the offer, thereby committing commercial dishonor and constructive fraud. His

4    silence and subsequent coordination with other Defendants demonstrate a willful

5    and knowing act of racketeering.

6    269.Defendants **Bruce Quinn** and **Susan Quinn** stood silent despite receiving

7    notice, defaulted, and benefited from the enterprise's scheme, thereby participating

8    in and ratifying the fraudulent conduct of their agent, Martin Conroy.

9    270.The collective conduct of these Defendants constitutes a **pattern of**

10    **racketeering activity**, as defined in **Fla. Stat. § 772.102(1)(a)**, involving more than

11    two predicate acts occurring within a 5-year period and directly related to the

12    property and commercial injury suffered by Plaintiff.

13    271.The racketeering enterprise functioned for the **common illegal purpose of**

14    **obstructing equitable relief**, suppressing truth in the public record, converting

15    tendered value, and unlawfully retaining interest in real property from the Real

16    Party in Interest.

17    272.As a direct and proximate result of Defendants' coordinated acts, Plaintiff

18    has suffered substantial injury to property, reputation, and equity, including the

19    unlawful deprivation of secured title, commercial loss exceeding $45,000,000.00,

20    and significant harm to legal and equitable standing.

21    273.Pursuant to **Fla. Stat. § 772.104(1)**, Plaintiff is entitled to **treble damages**,

22    costs of litigation, and reasonable attorney's fees (if applicable), due to Defendants'

23    violation of Florida RICO statutes.

24    274.Demand was made for correction, response, and commercial settlement, and

25    Defendants knowingly refused, ignored, or obstructed those attempts, solidifying

26    commercial and legal default and triggering liability under **Fla. Stat. § 772.103** and

27    related laws.

28    //

VERIFIED FOR EQUITABLE AND CONSTITUTIONAL RELIEF AND DEMAND FOR INJUNCTIVE AND DECLARATORY REMEDY

Registered Mail #ER204090885US — Date: June 4, 2025

## XV. DEMAND FOR EQUITABLE RELIEF AND FINAL DETERMINATIONS

275. Plaintiff re-alleges and incorporates by reference all preceding paragraphs, *unrebutted* **affidavits**, commercial instruments, exhibits, and facts set forth herein

276. Plaintiff, Kevin: Realworldfare, proceeding, **sui juris, in propria persona**, by *Special Limited Appearanc*e **only, not** generally, **not** pro se, without waiver of **any** rights, defenses, or remedies at law or equity, respectfully demands final judgment and **equitable relief** against all named Defendants, jointly and severally, and requests this Honorable Court enter the following:

1. **TREBLE DAMAGES**:

   Pursuant to 18 U.S.C. §§ 1964(c), 42 U.S.C. § 1983, and Fla. Stat. § 772.104(3), Plaintiff demands monetary relief of not less than **$135,000,000.00** (treble damages from base injury of $45,000,000.00), for damages caused by Defendants' fraudulent misconduct, civil rights violations, RICO violations, commercial dishonor, and obstruction of equity.

2. **QUIET TITLE**:

   Declare and adjudge that Plaintiff holds superior legal and equitable title to the real property located at **3016 SE Dune Drive, Stuart, Florida 34996**, APN: [insert], and issue a judgment quieting title in favor of Plaintiff and against any and all adverse claims asserted by Defendants or third parties acting under them.

3. **SPECIFIC PERFORMANCE**:

   Order **Martin Conroy**, **Sailfish Point Realty, LLC**, and **Bruce and Susan Quinn** to execute and deliver a **lawful deed of conveyance** and all documents necessary to effectuate full and final transfer of legal title to Plaintiff, reflecting discharge by tender and commercial acceptance.

4. **STAY OF STATE COURT PROCEEDINGS**:

   Issue an **immediate stay and injunction** on any further proceedings, enforcement actions, or judicial acts in the Florida Circuit Court Case No.

25000368CAAXMX, and enjoin **Judge Michael J. McNicholas** from taking any further action against the Plaintiff pending the resolution of this federal action.

**5. RESCISSION OF VOID ORDER**:

Rescind and vacate the Order Granting Motion to Dismiss in Case No. 25000368CAAXMX dated **June 3, 2025**, as void ab initio for lack of jurisdiction, absence of rebuttal, denial of due process, and clear judicial misconduct in violation of constitutional and commercial rights.

**6. DECLARATORY RELIEF**:

Declare all unrebutted affidavits and instruments submitted by Plaintiff as judicially binding, admitted into record as fact and law, and determine that said instruments constitute enforceable commercial obligations and lawful evidence of title and discharge.

**7. ENFORCEMENT OF COMMERCIAL REMEDY**:

Declare the negotiable instrument tendered by Plaintiff on or about **March 28, 2025**, for the full purchase value of **$45,000,000.00 USD**, as lawfully accepted under Fla. Stat. §§ 673.6031, 673.3111, and enforce specific performance of the conveyance and closing process.

**8. PERMANENT INJUNCTION**:

Permanently enjoin all Defendants from:

- o  Filing or asserting adverse claims against the subject property;
- o  Interfering with Plaintiff's quiet enjoyment, use, or transfer of the property;
- o  Engaging in any retaliatory or fraudulent filings or communications related to this matter.

**9. COSTS AND FEES**:

Award Plaintiff all litigation costs, court fees, and reasonable compensation for time, preparation, and administrative handling, pursuant to equity, statutory law, and Fla. Stat. § 57.105.

Registered Mail #ER204090885US — Date: June 4, 2025

**10.**OTHER RELIEF:

Grant such other and further equitable, commercial, statutory, and lawful
relief as the Court deems just and proper in light of the totality of the record
and ongoing irreparable harm to Plaintiff.

## DEMAND FOR TRIAL BY JURY

1.Pursuant to the **Seventh Amendment to the United States Constitution** and
**Federal Rule of Civil Procedure 38**, Plaintiffs hereby respectfully demand their right
to a **trial by jury** on all claims and issues in this action that are so triable. Plaintiffs
assert that material questions of fact exist, including—but not limited to—violations
of federally protected rights, due process, and civil liberties by government actors
acting under color of law. These are matters that must be decided by a jury of **the**
**people**, as guaranteed by the Constitution and as a safeguard against governmental
overreach, judicial misconduct, and ultra vires authority.

//

# VERIFICATION:

**Pursuant to 28 U.S.C. § 1746 and Fla. Stat. § 92.525(2).**

**BY AUTHORIZED REPRESENTATIVE WITH FIRSTHAND KNOWLEDGE**

I, Kevin Realworldfare, over the age of 18, competent to testify, and having
**firsthand knowledge** of the facts stated herein, do hereby **declare, certify, verify,**
**affirm, and state** under penalty of perjury under the laws of the **United States of**
**America**, that the foregoing statements are **true, correct, and complete**, to the best
of my **understanding, knowledge, and belief**, and made in **good faith**.

Executed, signed, and sealed this 4th day of June in the year of Our Lord two
thousand and twenty five, *without* the United States, **with all rights reserved and**
**without recourse and without prejudice.**

**All rights reserved without prejudice or recourse, UCC § 1-308, 3-402.**

By: _Kevin : Realworldfare_

**Kevin: Realworldfare**, Plaintiff, *Secured Party,*
*Real Party In Interest, Injured Party*

VERIFIED FOR EQUITABLE AND CONSTITUTIONAL RELIEF AND DEMAND FOR INJUNCTIVE AND DECLARATORY REMEDY

Registered Mail #ER204090885US — Date: June 4, 2025

# LIST OF EXHIBITS / EVIDENCE:

1. **Exhibit A:** Affidavit of Completed Sale, Discharge by Tender, and Vesting of Title in Real Private IRR Trust, with Demand for Deed and Escrow Closure (Registered Mail #RF775820771US),, dated April 5, 2025 (copy).

2. **Exhibit B:** AFFIDAVIT OF PERFECTED SECURITY INTEREST, EQUITABLE CLAIM, AND DEMAND FOR LAWFUL DEED OF CONVEYANCE (Registered Mail #RF775820771US), dated April 6, 2025 (copy).

3. **Exhibit C:** Affidavit of Lis Pendens and Constructive Notice of Secured Equitable Interest in Real Property Located at 3016 SE Dune Drive, Stuart, FL 34996 (Express Mail #ER126149320US), dated April 8, 2025 (copy).

4. **Exhibit D:** FINAL NOTICE AND DEMAND FOR CONVEYANCE, RELEASE, AND EQUITABLE CLOSURE, with Hold Harmless Agreement and Mutual Release of Claims (Express Mail #ER157615843US), dated April 8, 2025 (copy).

5. **Exhibit E:** Florida UCC-1 Filing, Reference No. 202500855099 (copy)

6. **Exhibit F:**  Nevada UCC-1 Filing, Reference No. 2025464820-9 (copy)

7. **Exhibit G:** Offer and Negotiable Instrument tendered and accepted by Defendants, dated March 28, 2025 (copy).

8. **Exhibit H:** Email response dated March 28, 2025, at 11:21 AM (copy).

9. **Exhibit I:** Email response dated March 28, 2025, at 11:37 AM (copy).

10. **Exhibit J:** Email response dated March 29, 2025, at 11:28 AM (copy).

11. **Exhibit K:** Evidence of subject property taken off market on 04/01/2025 (copy).

12. **Exhibit L:** AFFIDAVIT OF DISHONOR (Express Mail #ER157615843US).

13. **Exhibit M:** Trust Certificate for 'REAL PRIVATE IRR TRUST'

14. **Exhibit N:** signed form 3811 by Defendants.

15. **Exhibit O:** signed form 3811 by Defendants.

16. **Exhibit P:** signed form 3811 by Defendants.

17. **Exhibit Q:** signed form 3811 by Defendants.

18. **Exhibit R:** signed form 3811 by Defendants.

Registered Mail #ER204090885US — Date: June 4, 2025

19. **Exhibit S:** Proof of Commercial Presentment and Dishonor, pursuant to UCC § 3-505 and Florida Statutes § 673.5051

20. **Exhibit T:** Proof of Commercial Presentment and Dishonor, pursuant to UCC § 3-505 and Florida Statutes § 673.5051

21. **Exhibit U:** Proof of Commercial Presentment and Dishonor, pursuant to UCC § 3-505 and Florida Statutes § 673.5051

22. **Exhibit V:** Proof of Commercial Presentment and Dishonor, pursuant to UCC § 3-505 and Florida Statutes § 673.5051

23. **Exhibit W:** Email from Douglas Kress Re: Request for Informal Status Conference

24. **Exhibit X:** Rule 8.4 of the Rules of Professional Conduct, demonstrating that Douglas Kress is engaging in professional misconduct by willfully continuing in bad faith, in violation of subsections (a) through (g), including acts of dishonesty, fraud, misrepresentation, conduct prejudicial to the administration of justice, and knowingly pursuing tactics that undermine equity, due process, and legal integrity.

25. **Exhibit Y:** Certified docket record from Case No. 25000368CAAXMX, evidencing Plaintiff's verified filings, unrebutted affidavits, and Defendants' procedurally defective, unverified motion to dismiss—granted without hearing or lawful rebuttal, in direct violation of due process and commercial equity.

//
//
//
//
//
//
//
//

VERIFIED FOR EQUITABLE AND CONSTITUTIONAL RELIEF AND DEMAND FOR INJUNCTIVE AND DECLARATORY REMEDY

Registered Mail #ER204090885US — Date: June 4, 2025

1

# P R O O F   O F   S E R V I C E

2  STATE OF CALIFORNIA                    )

3                                         )      ss.

4  COUNTY OF RIVERSIDE                    )

5        I competent, over the age of eighteen (18) years, and not a party to the within

6  action.  My mailing address is the Walkernova Group, **care of:** 30650 Rancho

7  California Road suite #406-251, Temecula, California [92591].  On or about **June 11,**

8  **2025**, I served the within documents:

9  1.    **VERIFIED FOR EQUITABLE AND CONSTITUTIONAL RELIEF AND**

10        **DEMAND FOR INJUNCTIVE AND DECLARATORY REMEDY.**

11  2.                    **SUMMONS (AO 440)**

12  3.                    **CIVIL COVER SHEET (JS 44)**

13  4.                    **Exhibits A through Y.**

14  **By United States Mail.** I enclosed the documents in a sealed envelope or

15  package addressed to the persons at the addresses listed below by placing the

16  envelope for collection and mailing, following our ordinary business practices.  I

17  am readily familiar with this business's practice for collecting and processing

18  correspondence for mailing.  On the same day that correspondence is placed for

19  collection and mailing, it is deposited in the ordinary course of business with the

20  United States Postal Service, in a sealed envelope with postage fully prepared. I am

21  a resident or employed in the county where the mailing occurred.  The envelope or

22  package was placed in the mail in Riverside County, California, and sent via

23  Registered Mail with a form 3811.

24

25        **Martin Conroy**
       c/o SAILFISH POINT REALTY LLC

26        1648 South East Sailfish Point boulevard
       Stuart, Florida [34996]

27        **Registered Mail** #RF775826377US with form 3811

28

VERIFIED FOR EQUITABLE AND CONSTITUTIONAL RELIEF AND DEMAND FOR INJUNCTIVE AND DECLARATORY REMEDY

Registered Mail #ER204090885US — Date: June 4, 2025

**Bruce W. Quinn, Susan L. Quinn**
3016 South East Dune Drive
Stuart, Florida [34996]
**Registered Mail #**RF775826385US with form 3811

**Douglas J. Kress**
c/o SCHWED KAHLE & KRESS, P.A.
11390 North Jog Road, Suite 102
Palm Beach Gardens, FL 33418
**Registered Mail #**RF775826394US with form 3811

**Michael J. McNicholas**
100 SE Ocean Blvd Ste 300
Stuart, FL 34994-2207
**Registered Mail #**RF775826403US with form 3811

On or about **June 11, 2025,** I served the within documents **by Electronic Service.**
Based on a court order and/or an agreement of the parties to accept service by
electronic transmission, I caused the documents to be sent to the persons at the
electronic notification addresses listed below.

**Martin Conroy**
c/o SAILFISH POINT REALTY LLC
1648 South East Sailfish Point boulevard
Stuart, Florida [34996]
martinconroy33480@gmail.com
susan.Turner@corcoran.com

**Bruce W. Quinn, Susan L. Quinn**
3016 South East Dune Drive
Stuart, Florida [34996]
bruce.quinn@webtv.net
susan.quinn@q3properties.com

**Douglas J. Kress**
c/o SCHWED KAHLE & KRESS, P.A.
11390 North Jog Road, Suite 102
Palm Beach Gardens, FL 33418
dkress@schwedpa.com
lrandell@schwedpa.com

VERIFIED FOR EQUITABLE AND CONSTITUTIONAL RELIEF AND DEMAND FOR INJUNCTIVE AND DECLARATORY REMEDY

Registered Mail #ER204090885US — Date: June 4, 2025

1

**Michael J. McNicholas**
100 SE Ocean Blvd Ste 300
Stuart, FL 34994-2207
mcnicholasm@circuit19.org

2

3

4      I declare under penalty of perjury under the laws of the State of California

5  that the above is true and correct.  Executed on **June 4, 2025** in Riverside County,

6  California.

7                                        */s/Chris Yarbra/*
                                        Chris Yarbra

8  //

9  //

10  //

11  //

12  //

13  //

14  //

15  //

16  //

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24                                      **NOTICE:**

25  Using a notary on this document does ***not*** constitute joinder adhesion, or consent to

26  any foreign jurisdiction, ***nor does it alter my status in any manner.*** The purpose for

27  notary is verification and identification only and not for entrance into any foreign

28  jurisdiction.

Registered Mail #ER204090885US — Date: June 4, 2025

# ACKNOWLEDGEMENT:

1

2   State of California                    )

3                                          ) ss.

4   County of Riverside                    )

*A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.*

5   On this <u>4th</u> day of <u>June</u>, <u>2025</u>, before me, <u> Joyti Patel </u>, a Notary Public, personally

6   appeared <u>Kevin Realworlfare (*formerly Kevin Walker)*,</u> who proved to me on the

7   basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed

8   to the within instrument and acknowledged to me that he/she/they executed the

9   same in his/her/their authorized capacity(ies), and that by his/her/their

10  signature(s) on the instrument the person(s), or the entity upon behalf of which the

11  person(s) acted, executed the instrument.

12  I certify under PENALTY OF PERJURY under the laws of the State of California

13  that the foregoing paragraph is true and correct.

14  WITNESS my hand and official seal.

15

16

17  Signature *Joytipatel*               (Seal)



JOYTI PATEL
Notary Public - California
Riverside County
Commission # 2407742
My Comm. Expires Jul 8, 2026

18

19

20

21

22

23

24

25

26

27

28

VERIFIED FOR EQUITABLE AND CONSTITUTIONAL RELIEF AND DEMAND FOR INJUNCTIVE AND DECLARATORY REMEDY

PRESS FIRMLY TO SEAL

# PRIORITY MAIL EXPRESS®

**ES ICE®**

*Retail*



**34950**

**RDC 07**

U.S. POSTAGE PAID
PME
TEMECULA, CA 92591
JUN 04, 2025

**$69.30**

S2324H504872-29

---

**UNITED STATES POSTAL SERVICE®** | **PRIORITY MAIL EXPRESS®**



ER 204 090 885 US

## CUSTOMER USE ONLY

**FROM:** (PLEASE PRINT)   PHONE ( 310 ) 923-8521

Kevin, sui juris in propria persona
c/o 30650 Rancho California Road
#406-251
Temecula, California [92591]

**PAYMENT BY ACCOUNT** (if applicable)
Federal Agency Acct. No. or Postal Service™ Acct. No.

### DELIVERY OPTIONS (Customer Use Only)

☐ **SIGNATURE REQUIRED** *Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchase Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.*
**Delivery Options**
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available*)
   *Refer to USPS.com® or local Post Office™ for availability.

**TO:** (PLEASE PRINT)   PHONE ( 772 ) 467-2300

Clerk(s)
c/o CLERK OF COURT
101 South U.S. Highway 1, Room #1016
Fort Pierce, Florida

**ZIP + 4®** (U.S. ADDRESSES ONLY)

3 4 9 5 0 _ _ _ _

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 insurance included.

◢ **PEEL FROM THIS CORNER**

### ORIGIN (POSTAL SERVICE USE ONLY)

| ☐ 1-Day | ☒ 2-Day | ☐ Military | ☐ DPO |
|---|---|---|---|

| PO ZIP Code | Scheduled Delivery Date (MM/DD/YY) | Postage |
|---|---|---|
| 92591 | 6 7 25 | $ 65.20 |

| Date Accepted (MM/DD/YY) | Scheduled Delivery Time | Insurance Fee | COD Fee |
|---|---|---|---|
| 6 4 25 | ☒ 3:00 PM | $ | $ |

| Time Accepted | | Return Receipt Fee | Live Animal Transportation Fee |
|---|---|---|---|
| 4:53 ☐AM ☒PM | | $ 4.10 | $ |

| Special Handling/Fragile | Sunday/Holiday Premium Fee | Total Postage & Fees |
|---|---|---|
| $ | $ | |

| Weight | ☒ Flat Rate | Acceptance Employee Initials | |
|---|---|---|---|
| 1 lbs. 11.80 | | TV | $ 69.30 |

### DELIVERY (POSTAL SERVICE USE ONLY)

| Delivery Attempt (MM/DD/YY) | Time | ☐AM ☐PM | Employee Signature |
|---|---|---|---|
| Delivery Attempt (MM/DD/YY) | Time | ☐AM ☐PM | Employee Signature |

LABEL 11-B, NOVEMBER 2023   PSN 7690-02-000-9996

BC 6/7

EN USED INTERNATIONALLY, A CUSTOMS DECLARATION LABEL MAY BE REQUIRED.

NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY(S)
OR OF PARTY APPEARING IN PRO PER

Kevin: Realworldfare
care of: 30650 Rancho California Road #406-251
Temecula, California [92591]
non-domestic without the United States
team@walkernovagroup.com
(310) 923-8521

CLEAR FORM

ATTORNEY(S) FOR:

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Kevin: Realworldfare

CASE NUMBER:

Plaintiff(s),

v.

Douglas J. Kress, Martin Conroy, SAILFISH
POINT REALTY, LLC, Michael J. McNicholas,
Bruce Quinn, Susan Quinn, Does 1-10,

Defendant(s)

**CERTIFICATION AND NOTICE
OF INTERESTED PARTIES
(Local Rule 7.1-1)**

TO:     THE COURT AND ALL PARTIES OF RECORD:

The undersigned, counsel of record for _____
or party appearing in pro per, certifies that the following listed party (or parties) may have a pecuniary interest in
the outcome of this case.  These representations are made to enable the Court to evaluate possible disqualification
or recusal.

(List the names of all such parties and identify their connection and interest. Use additional sheet if necessary.)

| PARTY | CONNECTION / INTEREST |
|---|---|
| Real Private IRR Trust | Holder of legal and equitable title to the subject property; has a direct financial interest in the outcome of this case. |

June 4, 2025

Date

By: _Kevin: Realworldfare  UCC 1-308 All rights reserved_
Signature _sui juris,  without recourse, without prejudice_
_in propria persona_

Attorney of record for (or name of party appearing in pro per):

_____

CV-30 (05/13)              NOTICE OF INTERESTED PARTIES