Express Mail No. ER 245 220 523 US— Date: February 24, 2026

Kevin, *in propria persona*
**Care of:** 2082 Highway 183 #170-229
Leander, Texas



*Plaintiff, Real Party In Interest*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **Kevin: Realworldfare,** *Plaintiff/Real Party In Interest,*<br><br>vs.<br><br>**Douglas J. Kress, Martin Conroy, SAILFISH POINT REALTY, LLC, Michael J. McNicholas, Bruce Quinn, Susan Quinn, Does 1-10**, inclusive,<br>                        *Defendants.* | Case No.: 2:25-cv-14196<br><br>**RESPONSE TO SUPPLEMENTAL**<br>**ORDER TO SHOW CAUSE (DKT 77)** |

COMES NOW Plaintiff, **Kevin**, appearing in his private capacity, by special limited appearance only, reserving all rights, remedies, and defenses, and respectfully files this Response to the Court's Supplemental Order to Show Cause, and states as follows:

## I. INTRODUCTORY STATEMENT

Plaintiff acknowledges the Court's authority to inquire into matters affecting the integrity of proceedings before it and responds in full respect of that authority.

All filings in this case were undertaken in good faith and in the sincere belief that Plaintiff was lawfully exercising constitutionally protected activity, including the right to access the courts and

petition for redress, and to present legal arguments for adjudication. Plaintiff has not acted with intent to mislead, obstruct, or abuse the judicial process.

This Response is filed to clarify the record, address the Court's concerns directly, and demonstrate corrective and preventative measures undertaken by Plaintiff.

## II. CLARIFICATION REGARDING CITATIONS AND RESEARCH SOURCES

Plaintiff understands the Court's concern regarding certain citations and quotations identified as inaccurate.

Plaintiff wishes to state clearly:

No citation was filed with knowledge that it was false;

No authority was intentionally fabricated;

No quotation was knowingly misrepresented.

All legal references were included in good faith reliance upon research tools utilized at the time of drafting.

Plaintiff acknowledges, however, that reliance on secondary research tools — including emerging technological tools — does not eliminate the obligation to independently verify cited authority prior to filing.

To the extent any citation filed with the Court was inaccurate, Plaintiff accepts responsibility for the failure to independently confirm each reference before submission. Any such error was inadvertent and without intent to mislead.

Upon becoming aware of the Court's concerns, Plaintiff undertook immediate corrective review and has discontinued reliance on any research method that could produce unverified or unreliable citations.

Plaintiff expresses sincere respect for the Court's correction and affirms that all future filings will be grounded exclusively in independently verified legal authority.

## III. UNEQUIVOCAL DENIAL OF UNAUTHORIZED PRACTICE OF LAW

Express Mail No. ER 245 220 523 US— Date: February 24, 2026

Plaintiff states clearly and without qualification that he has not engaged in the unauthorized practice of law.

At no time has Plaintiff:

- Drafted legal pleadings or instruments on behalf of third-party clients;
- Represented any individual in court or administrative proceedings;
- Charged fees for legal drafting, legal advice, or representation;
- Provided individualized legal counsel to members of the public;
- Held himself out as a licensed attorney.

Plaintiff has not prepared legal documents for others in any commercial or client-service capacity, and no attorney-client relationship has existed.

There has been no exchange of consideration for legal services and no exercise of legal judgment on behalf of another person in a professional capacity.

To the extent any individual may have inquired regarding document preparation, legal filings, pleadings, or similar matters, any such inquiries would have been referred exclusively to duly licensed attorneys for independent handling. Plaintiff did not draft, prepare, or ghostwrite legal instruments for third parties, nor accept compensation for such activity.

Plaintiff further affirms that no person or entity has ever retained Plaintiff for legal drafting, legal representation, or legal advisory services of any kind. No legal pleadings, memoranda, affidavits, trusts, contracts, or instruments were prepared by Plaintiff for delivery to third parties in exchange for compensation or under any client-service arrangement.

Plaintiff further states that no invoices were issued, no service contracts were executed, and no revenue was received in connection with the preparation of legal documents or the provision of legal advice to others.

To the extent any online materials, product descriptions, or informational listings may have been publicly accessible, such content was not operationalized into client service activity, was not executed in practice, and did not result in the drafting of legal instruments or the formation of attorney-client or advisor-client relationships.

Express Mail No. ER 245 220 523 US— Date: February 24, 2026

Plaintiff further clarifies that any referenced websites functioned, at most, in a collaborative, educational, and referral-oriented capacity. The platforms were designed to disseminate general informational materials and, where appropriate, to direct members of the public toward duly licensed attorneys for independent legal services should such services ever be sought.

If any member of the public inquired regarding document drafting, legal pleadings, or legal instrument preparation, such inquiries would have been referred outward to licensed legal professionals. In practice, however, no such services were requested, no engagements were initiated, and no referrals resulted in document preparation activity.

Accordingly, no legal documents were drafted for third parties, no legal services were rendered, and no reliance by any member of the public occurred upon Plaintiff for legal drafting, legal interpretation, or legal representation.

All such materials have since been voluntarily removed, and both websites realworldfare.com and walkernovagroup.com has permanently ceased any activity that could be construed — whether accurately or inaccurately — as the offering of legal services without licensure.

### IV. CLARIFICATION REGARDING WEBSITE CONTENT

The websites referenced by the Court were educational in nature.

Materials made available consisted of publicly accessible legal texts and informational writings intended for general reading and research exposure. Disclaimers were displayed indicating that content was educational only and not legal advice.

No legal services were rendered by Plaintiff through the websites. No individualized documents were drafted for third parties. No compensation was received for legal representation or legal drafting.

To eliminate any possibility of misunderstanding, the referenced websites have been removed from public access voluntarily and permanently.

This action was undertaken proactively and in good faith to ensure that no material could be misconstrued as the offering of legal services without licensure.

Express Mail No. ER 245 220 523 US— Date: February 24, 2026

There is no intention of reinstating such platforms or engaging in any activity that could be interpreted as unauthorized legal practice.

## V. GOOD FAITH CONDUCT

All actions undertaken by Plaintiff in connection with this matter were performed in good faith. There has been:

No intent to mislead the Court;

No intent to fabricate authority;

No intent to represent others unlawfully;

No intent to profit from legal services.

Plaintiff's filings reflect sincere — if imperfect — efforts to articulate legal arguments and protect perceived rights through lawful judicial process.

Plaintiff further notes that he has proceeded in this matter without counsel. Courts have long recognized that filings by pro se litigants are to be construed liberally and with leniency in light of non-lawyer status, particularly where actions are undertaken in good faith and without intent to mislead. Plaintiff respectfully states that this principle is applicable here.

## VI. NO TEXAS NEXUS OR TEXAS OFFERING

Plaintiff further clarifies:

- No services were ever offered in the State of Texas;
- The referenced websites did not list a Texas business address;
- The websites did not reference Texas as a service location;
- No solicitation or business activity occurred in Texas.

  Any email address appearing in filings was used solely as a communication address and does not establish the offering of legal services.

  Any Texas mailing reference was merely a temporary post office box utilized for general

mail receipt and was not operationally connected to any website activity.

There was no offering of legal services in Texas. There was no practice of law in Texas.

## VII. INABILITY TO APPEAR IN PERSON

Plaintiff respectfully notifies the Court that he is presently unable to attend the scheduled in-person hearing.

The circumstances preventing attendance are not voluntary, not self-created, and are not within Plaintiff's unilateral power to alter or override. Plaintiff is presently subject to binding institutional, administrative, and supervisory constraints that materially restrict his physical mobility, geographic travel, and scheduling autonomy.

These constraints arise from external authority structures and operational obligations that require Plaintiff's presence within a controlled jurisdictional and logistical framework. As a result, long-distance interstate travel — including travel to the Southern District of Florida — is presently infeasible and operationally prohibited absent formal clearance or release, which Plaintiff does not possess the independent authority to secure on demand.

Plaintiff emphasizes that this limitation is temporary in nature but presently absolute in effect. The inability to appear is not evasive, strategic, or undertaken in disregard of this Court's authority. To the contrary, Plaintiff has acted in good faith to comply through the most complete written submission possible under the circumstances.

Should the Court require further clarification, Plaintiff respectfully requests the opportunity to provide supplemental detail through sealed declaration or other appropriate submission so as not to implicate institutional confidentiality, security protocols, or third-party administrative authority.

Plaintiff further states that any additional compelled disclosure regarding the underlying circumstances affecting mobility and travel may involve sensitive institutional or administrative considerations. Plaintiff therefore respectfully reserves all applicable constitutional and

Express Mail No. ER 245 220 523 US— Date: February 24, 2026

procedural protections in responding to any such inquiry, while remaining fully willing to comply with lawful Court directives through appropriate and protected means. Accordingly, Plaintiff respectfully requests that this written Response be deemed sufficient for purposes of compliance with the Order to Show Cause (Dkt 71) and Supplemental Order to Show Cause (Dkt 77), and accepted by the Court in lieu of personal appearance.

## VIII. REMEDIAL MEASURES

In response to the concerns raised by the Court, Plaintiff has undertaken the following corrective actions:

Independent verification protocols have been adopted for all legal citations;

Reliance on unverified research tools has been discontinued;

Public websites referenced by the Court have been permanently removed;

Any activity that could be construed as legal service provision has ceased.

These steps were implemented voluntarily and in good faith to prevent recurrence of the issues identified.

## IX. REQUEST FOR RELIEF

Given the clarifications provided, the absence of intent to mislead, and the remedial actions undertaken, Plaintiff respectfully requests that:

- No sanctions be imposed;
- Plaintiff not be placed on any restricted filer list; and
- No referral be made to any Unauthorized Practice of Law authority.

Plaintiff further states that prior to the issuance of the Court's Order to Show Cause and Supplemental Order, he had not received any warning, notice, or admonition from the Court regarding citation verification practices, alleged unauthorized practice concerns, or potential sanction exposure. Upon receiving the Court's concerns for the first time, Plaintiff acted promptly and in good faith to review, correct, and remediate any issues identified.

Express Mail No. ER 245 220 523 US — Date: February 24, 2026

Plaintiff states that the record reflects good faith conduct, corrective action, constitutionally protected petitioning activity, and respect for the Court's authority, and that further punitive measures are not warranted.

Executed, signed, and sealed this 24th day of February in the year of Our Lord two thousand and twenty six.

        **All rights reserved without prejudice.**

    **Respectfully,**

By: _____*Kevin*_____
    **Kevin**, *Plaintiff, Real Party In Interest*

Express Mail No. ER 245 220 523 US— Date: February 24, 2026

## EXHIBIT INDEX

**Exhibit A**
Screenshot capture of the homepage of *walkernovagroup.com* reflecting website deactivation, removal, or non-operational status as of the date of filing.

**Exhibit B**
Screenshot capture of the homepage of *realworldfare.com* reflecting website deactivation, removal, or non-operational status as of the date of filing.

Plaintiff submits these Exhibits to demonstrate good-faith remedial action, cessation of any potentially misconstrued service activity, and compliance with concerns identified in the Court's Supplemental Order to Show Cause.

**Respectfully,**

By:_____*Kevin*_____
**Kevin**, *Plaintiff, Real Party In Interest*

Express Mail No. ER 245 220 523 US— Date: February 24, 2026

# PROOF OF SERVICE

STATE OF TEXAS           )
                         )  ss.
COUNTY OF WILLIAMSON     )

I am competent, over the age of eighteen years, and not a party to the within action. My mailing address is care of: 2082 Highway 183 #170-229, Leander, Texas. On or about **February 24, 2026**, I served the within documents:

1. **RESPONSE TO SUPPLEMENTAL ORDER TO SHOW CAUSE (DKT 77)**

2. **Exhibit A and B**

On or about **February 24, 2026,** I served the within documents **by Electronic Service.** Based on a court order and/or an **agreement of the parties** to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed below.

**Martin Conroy**
c/o SAILFISH POINT REALTY LLC
1648 South East Sailfish Point boulevard
Stuart, Florida [34996]
martinconroy33480@gmail.com
susan.Turner@corcoran.com

**Bruce W. Quinn, Susan L. Quinn**
3016 South East Dune Drive
Stuart, Florida [34996]
bruce.quinn@webtv.net
susan.quinn@q3properties.com

**Douglas J. Kress**
c/o SCHWED KAHLE & KRESS, P.A.
11390 North Jog Road, Suite 102

Express Mail No. ER 245 220 523 US— Date: February 24, 2026

Palm Beach Gardens, FL 33418
dkress@schwedpa.com
lrandell@schwedpa.com

**Michael J. McNicholas**
100 SE Ocean Blvd Ste 300
Stuart, FL 34994-2207
mcnicholasm@circuit19.org

I declare under penalty of perjury under the laws of the State of Texas that the above is true and correct. Executed on **February 24, 2026** in Williamson County, Texas.

<u>        /s/Chris Yarbra/        </u>
Chris Yarbra